The facts sufficiently appear from the opinion of the court.
Jones, Chief Judge,
delivered the opinion of the court:
Plaintiff, a naval officer with the rank of captain, was given retirement in the month of April 1950 by reason of permanent disability. The retirement orders were dated April 14, were made retroactive to April 1, and according to plaintiff’s allegation were delivered on April 19,1950.
Plaintiff was given active duty pay and allowances for the period April 1 until the retirement orders were delivered to him on April 19, but later it was officially decided that he should have had only retired pay for that period and the *826 difference was deducted from his subsequent retirement check.
Plaintiff is suing for the difference between active duty pay and allowances and retired pay for the period April 1 to April 19,1950.
The defendant contends that during the period from April 1 to April 19, 1950, plaintiff was in effect marking time. However, the retirement orders of April 14, 1950, read as follows:
1. Having been found not fit for duty by a physical evaluation board, you will, when directed by the Chief of the Bureau of Ordnance on or before 21 April 1950, regard yourself detached from temporary limited duty in the Bureau of Ordnance, Navy Department, and from such other duty as may have been assigned you; you will report to the Commanding Officer, Naval Receiving Station, Anacostia, Washington, D. C., in connection with procedures incident to your release from active duty. [Italics ours.]
Defendant claims the orders were to the effect that active duty would cease when the direction was given. It was naturally not given to plaintiff until the delivery of the orders.
The defendant makes the further claim that the provision for retired officers to receive active duty pay when on active duty applies only when such officers are recalled to active duty.
Regardless of what the ruling may have been before 1949, Section 514 of the Career Compensation Act of 1949,63 Stat. 802, makes the following provision:
Seo. 514. Retired members and former members of the uniformed services, including members of the Fleet Reserve and the Fleet Marine Corps Reserve, shall, when serving on active duty, be entitled to receive the pay and allowances to which entitled by the provisions of this Act for the grade or rank in which they are serving on such active duty, and shall, when on such active-duty status, have the same pay and allowance rights while on leave of absence or while sick as members of the uniformed services entitled to receive basic pay of similar grade or rank, and, if death occurs when on active-duty status, their dependents shall not thereby be deprived of *827 any of the benefits provided in the Act of December 17, 1919 (41 Stat. 367; 10 U. S. C. 903), as amended, and in the Act of June 4,1920 (41 Stat. 824; 34 U. S. C. 943), as amended. [Italics supplied.]
It will be noted that this provision of the later act makes no distinction between active duty before and after retirement, but stipulates that retired officers shall be entitled to receive active duty pay and allowances when serving on active duty.
Evidently plaintiff was serving on active duty and subject to assignment until he was directed otherwise by the delivery of the orders to him.
Plaintiff’s motion is granted and defendant’s motion is denied.
Plaintiff is entitled to recover active duty pay and allowances for the period April 1 to April 19,1950, less the amount of retired pay which he received for that period.
Entry of judgment is suspended pending the receipt of a report from the General Accounting Office showing the amount due plaintiff in accordance with this opinion.
It is so ordered.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.
In accordance with the above opinion and on a report from the General Accounting Office showing the amount due thereunder, it was ordered April 7, 1953, that judgment be entered for the plaintiff for $240.47.