Brian L. HAMON

v.

The UNITED STATES.

No. 577–85C.

United States Claims Court.

Sept. 5, 1986.

**22.** *See Hegeman-Harris & Co. v. United States,* 194 Ct.Cl. 574, 440 F.2d 1009, 1013–14 (1971).

Brian L. Hamon, pro se.

Linda Maramba, with whom was Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## OPINION

### ON DEFENDANT'S MOTION TO DISMISS

SETO, Judge.

In this military pay case, plaintiff seeks to collect pay, allowances, and benefits for the fourteen-month period following his separation from active duty, based on the Coast Guard's failure to issue his Honorable Discharge Certificate on the date his enlistment contract expired. Defendant's motion to dismiss, or in the alternative, for summary judgment, raises three issues: (1) whether plaintiff states a claim upon which relief can be granted; (2) whether plain-

tiff's claim is barred by the six-year statute of limitations; and (3) whether plaintiff's claim is barred by the doctrine of laches. For the reasons stated below, defendant's motion to dismiss is granted.

## FACTS

Plaintiff, Brian L. Hamon, enlisted in the United States Coast Guard in 1974 with a term of service that expired on July 21, 1978. In the month before his enlistment contract expired, plaintiff took all the steps necessary to prepare for discharge, which included receiving counseling on his decision not to reenlist, completing his discharge physical, taking terminal leave in anticipation of discharge, signing all necessary discharge papers before departing on terminal leave, and electing insurance coverage in anticipation of his civilian status. Plaintiff, however, was not issued DD Form 214, the Certificate of Release or Discharge from Active Duty, nor DD Form 256CG, the Honorable Discharge Certificate, on the date he terminated his duty with the Coast Guard. After corresponding with Coast Guard officials, the Coast Guard advised plaintiff that he would receive DD Form 214 after he returned his identification card and paid three checks drawn on plaintiff's account after it had been liquidated. Plaintiff complied with these requests in a certified letter that was not claimed and consequently returned to him. Plaintiff mailed the items a second time on September 22, 1978, and DD Form 214 was issued to him on September 27, 1978. DD Form 256CG was issued to plaintiff a year later on September 25, 1979.

## DISCUSSION

### Failure to State a Claim

■ Plaintiff asserts in essence that the Coast Guard failed to discharge him validly because he was not issued DD Form 256CG on the date his enlistment contract expired and he was separated from active duty.[1]

---

1. Plaintiff being *pro se* was very general in his arguments, so the court has endeavored to elab-

Defendant contends, however, that plaintiff has no claim to pay and allowances subsequent to the date of his discharge from service, and therefore the claim must be dismissed under RUSCC 12(b). Plaintiff's argument must fail, as the following analysis shows.

First, the statute governing discharge from the armed services, 10 U.S.C. § 1168(a) (1982), does not mandate actual *receipt* of discharge documents, but rather that the documents be *ready for delivery* to service members on their separation date. Section 1168(a) provides:

A member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are *ready for delivery to him* or to his next of kin or legal representative (emphasis added).

■ This provision was part of a statutory scheme that sought to ensure adequate administration of veterans' disability claims and to hasten discharge of those uncooperative in the process. *See* Comm. on World War Veterans' Legislation, Providing Federal Government Aid for the Readjustment in Civilian Life of Returning World War II Veterans, H.R.Rep. No. 1418, 78th Cong., 2d Sess. (1944); *Kenon D. Shattuck and others*, 63 Comp.Gen. 251, 252 (1984). Therefore, the plain statutory language, in tandem with the legislative history, indicate concern not with actual receipt of discharge documents but rather with facilitating veterans' return to civilian life. Accordingly, we find that plaintiff's discharge documents need only have been ready for delivery, and indeed were ready for delivery to him on the date his enlistment contract expired, as contemplated by 10 U.S.C. § 1168(a).

Second, plaintiff errs when he bases his claim for pay and benefits on the untimely

receipt of DD Form 256CG. The regulations promulgated under 10 U.S.C. § 1168(a) designate DD Form 214 as the relevant discharge document, not DD Form 256CG. *See* 32 C.F.R. § 45.1 (1985). Therefore we must consider plaintiff's receipt of DD Form 214, which was issued to him about two months after his enlistment contract expired. Although plaintiff makes no reference to 32 C.F.R. § 45.3(b), that regulation states in relevant part that:

DD Forms 214 are not intended to have any legal effect on termination of the member's service.... DD Form 214 may also be issued under other circumstances prescribed by the Military Service concerned.... DD Form 214 ... will be physically delivered to the separatee prior to departure from the separation activity: (a) on the effective date of separation; or (b) on the date authorized travel time commences.

While plaintiff did not take physical delivery of DD Form 214 on his separation date, DD Form 214 has no legal effect on discharge. Moreover, the Coast Guard has flexibility in issuing DD Form 214 "under other circumstances."[2] Although plaintiff cites Coast Guard regulation 12–B–43 to support his claim that discharge takes effect upon delivery of the discharge certificate, this regulation is "[s]ubject to any law providing otherwise."[3] Finally, "failure to comply with additional requirements in Coast Guard regulations with respect to the furnishing of [DD Form 214 cannot change] the otherwise established date of separation in order to permit payment of pay and allowances for added periods." *Kenon D. Shattuck*, 63 Comp.Gen. at 252.

Having found that the relevant statute and regulations do not support plaintiff's claim, we address the case law. Although plaintiff's response is silent on the issue, some scenarios have required physical delivery of discharge documents to effect a valid discharge. *See Bray v. United*

---

orate upon the law that governs plaintiff's claim as much as possible without prejudicing defendant.

**2.** *See* 32 C.F.R. § 45.3(b) (1985).

**3.** Section 1168(a) and its accompanying regulations, which require only "ready for delivery," is the law that provides otherwise.

*States,* 515 F.2d 1383, 207 Ct.Cl. 60 (1975) (procedural errors in discharge issued before enlistment term expired rendered discharge void); *Cason v. United States,* 471 F.2d 1225, 200 Ct.Cl. 424 (1973) (disregard for procedural rights renders discharge a nullity); *Crist v. United States,* 124 Ct.Cl. 825 (1952) (plaintiff not aware of status so delivery of discharge documents required).

The instant case, however, is *not* governed by one of those situations. Plaintiff did not misunderstand his status, as his correspondence with the Coast Guard evidences. Nor do we find attendant procedural errors in plaintiff's discharge. "To say ... that the untimely delivery of [DD Form 214] voided the discharge would not be in keeping with prior holdings which do not make the effective date of discharge depend upon delivery of documents when the parties are both aware and both intend to effect a discharge or separation on a given date." *Kenon D. Shattuck,* 63 Comp.Gen. at 252. Accordingly, plaintiff's discharge was effective on July 21, 1978, the date both he and the Coast Guard intended and honored as the established date. We find no law to support plaintiff's claim that he was not effectively discharged from the Coast Guard until he received either DD Form 214 or DD Form 256CG.

Finally, we note two additional concerns. First, plaintiff himself added to the delay in receiving DD Form 214 through his failure to return his identification card and pay three outstanding checks before he separated from active duty. Second, at no point does plaintiff claim that delayed receipt of the discharge documents hindered his return to civilian life. Although of lesser significance, these concerns further compel our finding that plaintiff's claim must be dismissed pursuant to RUSCC 12(b)(4). We do not wish to encourage the Coast Guard to follow less than diligent discharge procedures, but we find no basis that supports plaintiff's claim for pay, benefits, and allowances for the period following his discharge. Therefore, defendant's motion to dismiss is granted.

*Statute of Limitations*

■ Even if we were to find that DD Form 214 was not indeed ready for delivery on plaintiff's separation date, or alternatively, that fairness considerations demanded actual delivery to effect a valid discharge, plaintiff's claim would still be barred by the statute of limitations. Plaintiff claims that his cause of action accrued on October 2, 1979, the date he received DD Form 256CG, and therefore this case, filed on October 1, 1985, falls within the six-year statute of limitations period. *See* 28 U.S.C. § 2501 (1982). Defendant, however, contends that any claim would have accrued no later than late September of 1978, when plaintiff received DD Form 214. Plaintiff's argument must fail.

Plaintiff's claim accrued on the date of separation from active service. *See Willcox v. United States,* 3 Cl.Ct. 83, 84–85 (1983), *aff'd,* 769 F.2d 743 (Fed.Cir.1985); *Zoesch v. United States,* 650 F.2d 291, 226 Ct.Cl. 557, 558 (1980) (claim accrues when all material facts upon which claim depends have occurred); *see also Brundage v. United States,* 504 F.2d 1382, 1385, 205 Ct.Cl. 502, 508 (1974), *cert. denied,* 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975). We have determined that date to be July 21, 1978, the date which both plaintiff and the Coast Guard regarded as the discharge date. Thus, over seven years elapsed before plaintiff filed this action. The statute of limitations therefore would bar this claim.

*Doctrine of Laches*

■ Turning finally to defendant's third basis for dismissal, we find that the doctrine of laches would bar plaintiff's claim, had it not already failed on the first two bases. Plaintiff argues essentially that equity demands his case be heard. Defendant argues in response that plaintiff has inexcusably delayed and defendant would be thereby prejudiced if this case continued. We agree.

■ The affirmative defense of laches requires a showing of two elements: inexcusable delay in filing suit and resulting prejudice to defendant. *Foster v. United*

*States,* 3 Cl.Ct. 440, 442 (1983), *aff'd,* 733 F.2d 88 (Fed.Cir.1984); *Deering v. United States,* 620 F.2d 242, 245, 223 Ct.Cl. 342, 349 (1980) (en banc); *Brundage v. United States,* 504 F.2d 1382, 1386, 205 Ct.Cl. 502, 509 (1974), *cert. denied,* 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975). Clearly plaintiff in the instant case has committed inexcusable delay by allowing over seven years to pass before filing his claim. This court has found that laches bars claims brought after much shorter delays. *See, e.g., Brundage,* 504 F.2d at 1385, 205 Cl.Ct. at 507 (three years and eight months held inexcusable delay). Moreover, plaintiff's delay would result in prejudice to defendant if defendant were required to pay plaintiff a salary and benefits for a fourteen-month period during which plaintiff neither offered nor performed services. *See Brundage,* 504 F.2d at 1386, 205 Cl.Ct. at 510. Thus, both elements of a successful laches defense are present here and plaintiff's claim would be thereby barred.

### CONCLUSION

For the reasons stated above, defendant's motion is GRANTED and plaintiff's claim is DISMISSED pursuant to RUSCC 12(b)(4) for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.