Marvin J. MACHADO,
Plaintiff–Appellant,

v.

COMMANDING OFFICER, PLATTS-BURGH AIR FORCE BASE,
Defendant–Appellee.

No. 161, Docket 88–2209.

United States Court of Appeals,
Second Circuit.

Argued Oct. 4, 1988.

Decided Oct. 28, 1988.

Gerald J. McMahon, New York City, for plaintiff-appellant.

Captain Douglas E. Wade, Washington, D.C., Captain, U.S. Air Force, Military Personnel Branch, General Litigation Div., Office of The Judge Advocate Gen. (Frederick J. Scullin, Jr., Albany, New York City, U.S. Atty. for the Northern District of New York, Paul D. Silver, Asst. U.S. Atty. for the Northern District of New York, of counsel), for defendant-appellee.

Before FEINBERG, Chief Judge, NEWMAN and GARTH,* Circuit Judges.

FEINBERG, Chief Judge:

Marvin J. Machado appeals from an order of the United States District Court for the Northern District of New York, Con. G. Cholakis, J., denying his petition for a writ of habeas corpus. The judge held that Machado had never been discharged from the Air Force, and was therefore subject to court-martial under the Uniform Code of Military Justice. Appellant claims that he was discharged from the Air Force and was therefore not subject to court-martial jurisdiction. Because we believe that the district court did not make sufficient inquiry to determine whether Machado was discharged before his court-martial, we vacate the order of the district court and remand for further proceedings.

## Background

Machado enlisted in the United States Air Force in November 1978 and reenlisted in January 1982 for a six-year tour of duty scheduled to end on January 13, 1988. Apparently in anticipation of his separation from service, on September 8, 1987, an order was issued honorably discharging Machado effective January 13, 1988. Upon return from leave in October 1987, Machado submitted to urinalysis and tested positive for cocaine use. On December 22, 1987, Machado was charged with a violation of the Uniform Code of Military Justice, 10 U.S.C. § 912a, for wrongful use of cocaine. Nevertheless, at some time prior to his scheduled date of separation, Macha-

do received his honorable discharge certificate. A revocation of Machado's discharge was ordered on January 28, 1988, and back-dated to January 13, contrary to Air Force regulations. Despite a demand thereafter from Machado, the Air Force refused to process his discharge after January 13 because of the pending charge against him.

In February 1988, Machado petitioned the district court for a writ of habeas corpus, and the petition was denied in April 1988. The district judge thereafter denied Machado's motion for a stay of the court-martial proceedings pending appeal, and a panel of this court denied a similar motion on April 27, 1988. We are informed that in June 1988, Machado was tried before a court-martial and sentenced to 2½ years in jail, a bad conduct discharge, reduction in rank, and forfeiture of all pay.

## Discussion

This case turns on the interpretation and application of 10 U.S.C. § 1168(a):

> A member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are ready for delivery to him or his next of kin or legal representative.

Both parties appear to agree that if appellant was honorably discharged from the Air Force under this statute before his court-martial, then the court-martial improperly exercised jurisdiction over him; if he was not discharged under the statute, then court-martial jurisdiction was proper. Although the statute requires that the certificate and final pay only be "ready for delivery," it is apparent that the key issues before us are whether they actually were delivered, as appellant claims. Because the district court did not sufficiently explore these issues, we believe that on this record a remand is required.

■ Appellant Machado argues that he has satisfied the first prong of the statutory test because he has the original discharge certificate in his possession. Possession of the original certificate in appar-

ently proper form is obviously helpful to Machado on the issue of delivery. However, on a petition for the civil remedy of habeas corpus, petitioner bears the burden of proving by a preponderance of evidence that he is entitled to relief. See *Johnson v. Zerbst*, 304 U.S. 458, 468–69, 58 S.Ct. 1019, 1024–25, 82 L.Ed. 1461 (1938).

■ In satisfying his burden, appellant must prove proper "delivery" of the certificate. The Court of Military Appeals, the civilian-composed court that reviews military decisions, has said that "[d]ischarge is effective upon delivery of the discharge certificate[,]" *United States v. Howard*, 20 M.J. 353, 354 (C.M.A.1985), citing *United States v. Scott*, 11 U.S.C.M.A. 646, 29 C.M. R. 462 (1960), and has interpreted "delivery" to have "significant legal meaning. It shows that the transaction is complete, that full rights have been transferred, and that the consideration for the transfer has been fulfilled." *Howard*, 20 M.J. at 354. The court went on to say that if "delivery of the discharge certificate" is "accomplished by fraud ... then the delivery loses its legal significance." Id. (citations omitted). Therefore, only if Machado received the discharge certificate by proper means would such receipt qualify as a "delivery" under the statute. Cf. *United States v. Brunton*, 24 M.J. 566, 569 (N.M.C.M.R. 1987).

■ Although there has been no allegation that Machado fraudulently procured his certificate, it is not clear how he obtained it. On remand, the district court should determine how, where and when Machado received the certificate. If the Air Force delivered Machado's certificate through the proper channels of delivery by mistake, then it may be that Machado was entitled to rely on such delivery. At least one judge of the Court of Military Appeals —certainly expert in these matters—has so characterized the ruling of that court in *United States v. Howard*, cited above. See *United States v. Cole*, 24 M.J. 18, 26 (C.M. A.1987) (Cox, J., concurring), cert. denied, 108 S.Ct. 97 (1987). It should be noted, however, that if Machado, as petitioner in a civil proceeding such as this, fails to testify

on his own behalf regarding his receipt of the certificate, the trier of fact may draw an inference against him. See *Baxter v. Palmigiano*, 425 U.S. 308, 318–19, 96 S.Ct. 1551, 1557–58, 47 L.Ed.2d 810 (1976); *Brink's Inc. v. City of New York*, 717 F.2d 700, 708–10 (2d Cir.1983).

█ In determining whether Machado's discharge certificate satisfies the delivery requirement of the statute, the district court may not rely upon the order revoking the September 8, 1987 separation order. The separation order honorably discharged Machado effective January 13, 1988. For all practical purposes, the Air Force has admitted that the revocation order was backdated in violation of Air Force regulations by punishing for perjury a staff sergeant who testified that the order was entered on January 13. In light of the sworn testimony of the airman who backdated the order, and the perjury proceedings, the district court's finding that the separation order was revoked on January 13, 1988 is clearly erroneous.

█ Citing the Manual for Courts-Martial, the Air Force contends that even if Machado had a validly delivered discharge certificate, preferral of the charge against him on December 22, 1987 extended his enlistment. However, the same Manual also states that court-martial jurisdiction "ordinarily ends on delivery of a discharge certificate or its equivalent to the person concerned issued pursuant to competent orders." Discussion, R.C.M. 202(a)(2). It is true that there are exceptions to this general proposition listed in Discussion, R.C.M. 202(a)(2)(B)(iii). However, the government has not argued here that any of these exceptions applies. Of course, should the district court decide on remand that Machado had been discharged, and if the government argues that one of the exceptions is applicable, the district court will have to consider that contention. The Air Force also cites *United States v. Meadows*, 13 M.J. 165 (C.M.A.1982), to support its argument that even if Machado was discharged, court-martial jurisdiction over him continued. We believe that *Meadows* is inapplicable here because the servicemember in that case relied on "self-executing" separation orders, and never claimed to have received his discharge certificate or final pay. In this case, appellant does not rely on a self-executing order in arguing that he was discharged; rather, he claims that the Air Force satisfied the elements of the statute by delivering to him his discharge certificate and final pay.

The second issue the district court must address on remand is whether Machado received his final pay or a substantial part of that pay, within the meaning of 10 U.S.C. § 1168(a). Appellant claims, and the Air Force does not dispute, that he was paid on January 19 for the January 1–13 pay period. Appellant contends that he therefore received full pay until the date of his unrevoked separation. The Air Force counters that "final pay" is a term of art encompassing not only the money that a separating member of the service receives, but the audit process that the Air Force performs prior to every person's separation. Here, too, the facts are undeveloped and the record is contradictory. The district court did not focus adequately on the various legal or factual issues involved, e.g., what is "final pay" within the meaning of the statute, what is "a substantial part" thereof, how should the sum Machado received in January be treated, what sums did he receive thereafter and how should they be characterized, was an audit of "final pay" necessary to satisfy the statute, was such an audit completed here and, if so, when was it completed.

█ Aside from its arguments on the merits, the Air Force challenges these proceedings on two procedural grounds—exhaustion and res judicata. In its brief, the Air Force argued that habeas actions in federal district courts are improper until all military review procedures are exhausted. We are informed that this has not occurred as yet in this case. The argument is that the 1983 amendment to 10 U.S.C. § 867—providing for direct review of Court of Military Appeals decisions by the United States Supreme Court—limited the availability of habeas in the federal district courts. At oral argument, Air Force coun-

sel retreated from that position, and we think that such retreat was wise. The Court of Military Appeals apparently does not share the Air Force's view. See *United States v. Cole*, 24 M.J. 18, 21 (C.M.A.), cert. denied, — U.S. —, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987). In addition, it is well established that a civilian—and that is what Machado colorably claims he is—may collaterally attack court-martial jurisdiction in the district court without exhausting military remedies. See *Schlesinger v. Councilman*, 420 U.S. 738, 758–59, 95 S.Ct. 1300, 1313–14, 43 L.Ed.2d 591 (1975); *Toth v. Quarles*, 350 U.S. 11, 13 n. 3, 76 S.Ct. 1, 3 n. 3, 100 L.Ed. 8 (1955).

█ The Air Force also argued in its brief that the court-martial's finding that it had jurisdiction over Machado is res judicata. The court-martial apparently took place after the district judge denied Machado's application for the writ, and the record of the court-martial proceedings is not before us. But assuming that the Air Force has correctly characterized that court's finding, the argument is incorrect. The "familiar principle that *res judicata* is inapplicable in habeas proceedings," *Fay v. Noia*, 372 U.S. 391, 423, 83 S.Ct. 822, 840, 9 L.Ed.2d 837 (1963), certainly applies where the issue is whether the court-martial judgment of detention is void because the military court lacked jurisdiction to try Machado. In the classic case of *Ex parte Milligan*, 71 U.S. (4 Wall) 2, 18 L.Ed. 281 (1866), all the Justices of the Supreme Court agreed that a military commission lacked proper authority to try the habeas petitioner, a civilian, and sentence him to death. None seemed to regard as significant that the military commission had already rejected Milligan's argument that the Commission had no authority to try him. Cf. *Kinsella v. Singleton*, 361 U.S. 234, 80 S.Ct. 297, 4 L.Ed.2d 268 (1960) (although military tribunal denied challenge to jurisdiction by civilian, grant of habeas on ground of lack of jurisdiction affirmed by Supreme Court).

Accordingly, we hold that the district court acted prematurely. We vacate the order of the district court denying the writ and remand the case to the district court for further proceedings consistent with this opinion. In view of appellant's incarceration, we assume that those proceedings will commence promptly.