Eric J. BISH, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 92–181C.

United States Claims Court.

Sept. 23, 1992.

Reissued Oct. 7, 1992.[*]

---

[*] This order was issued September 23, 1992. Pursuant to defendant's request, it is being published.

**1244**

Eric J. Bish, pro se.

Donna C. Maizel, with whom were Asst. Atty. Gen., Stuart M. Gerson, David M. Cohen, and Thomas W. Petersen, Washington, D.C., for defendant. Lieutenant Colonel W. Gary Jewell and Captain Flora D. Darpino, Office of Judge Advocate General, of counsel.

## ORDER

BRUGGINK, Judge.

Plaintiff seeks military pay for what he asserts was active duty and what the government asserts was a period after his proper dishonorable discharge from the Army. The defendant has moved to dismiss pursuant to RUSCC 12(b)(4). Because materials outside the complaint were proffered, the court notified the parties that it would treat the motion as brought pursuant to RUSCC 56, and permitted both sides to make any additional submissions. Oral argument is deemed unnecessary. For the reasons that follow, defendant's motion is granted.

Plaintiff was a sergeant in the Army, with an enlistment expiration date of May 28, 1990. Before that date, however, he was court-martialed and ultimately sentenced to thirteen years confinement, reduction to private, dishonorable discharge, and forfeiture of $400 until discharge. On August 22, 1988, General Court–Martial Order Number 257 was issued, noting that final appellate review was complete, and directing execution of the dishonorable discharge. After he was confined at Fort Leavenworth, Bish was presented with and signed the Certificate of Release or Discharge From Active Duty (DD Form 214). The DD Form 214 carries an effective discharge date of September 16, 1988. Bish's pay stopped as of that date. The record also contains a letter from the Inmate Personnel Officer at Leavenworth, dated September 9, 1988, informing Bish of his discharge. On September 12, Bish signed a Separation Interview sheet reflecting that a copy of his DD Form 214 would be mailed to the Department of Labor and that he had been informed of the importance of the form to obtaining veteran's benefits. After Bish signed the DD Form 214, it was put into the custody of the prison officials, where it remains.

Bish's legal position is that his discharge has not yet been effected, because the DD Form 214 was not physically delivered. He relies on 37 U.S.C. § 204 (1988), which effectively provides that he is entitled to pay and allowances (less the $400 forfeiture), so long as he is on active duty. He points to 10 U.S.C. § 1168 for the proposition that a member of the armed forces may not be discharged from active duty until his DD Form 214 is ready for delivery to him. This provision, in turn, has been implemented by 32 C.F.R. § 45.3(b)(1), which more specifically directs that the form will be "physically delivered to the separatee prior to departure."

Plaintiff concedes that he "saw, read and signed his DD form 214." Precisely what else had to happen with respect to the delivery of the form is not entirely clear. Apparently Bish wants access at will to a document, the existence and import of which he cannot doubt. There is no question he was given the form at the time he signed it. He no doubt understood its contents. Unlike other cases upon which plaintiff relies, there is no issue here as to whether the Army in fact wished to discharge Bish. The fact that the form was taken from his possession and put into safekeeping by prison officials has no legal significance and is completely understandable. As pointed out in a case cited by the plaintiff, *United States v. Scott*, 11 USCMA 646, 648 (1960), "the armed services have long interpreted discharge statutes to mean that an individual is no longer a member of the armed forces after he receives notice that he has been validly separated." *See also Hamon v. United States*, 10 Cl.Ct. 681 (1986). Within the meaning of § 1168, discharge was effected.

The defendant is entitled to judgment as a matter of law. The Clerk is directed to dismiss the complaint. No costs.