Robert F. EARL, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 91–1624C.

United States Court of Federal Claims.

Oct. 30, 1992.

Robert F. Earl, pro se.

Virginia M. Lum, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss under RUSCC 12(b)(4) or, in the alternative, for summary judgment under RUSCC 56. Because materials outside the pleadings were presented, the court will treat defendant's motion as a motion for summary judgment. *See* RUSCC 12(b)(4). Discovery as requested by Plaintiff is deemed unnecessary. For the reasons stated below, the court grants defendant's motion.

## FACTS

Plaintiff, Robert F. Earl, was a member of the United States Air Force. On May 17, 1990, during his final term with the Air Force, plaintiff was court-martialed and sentenced to a dishonorable discharge, confinement for eight years at Ft. Leavenworth, Kansas, and reduction to the lowest rank, Airman Basic. One month later, the convening authority ordered the sentence executed with the exception of the bad conduct discharge.[1] The Air Force Court of Military Review affirmed plaintiff's conviction and sentence on September 27, 1990. Plaintiff subsequently appealed to the United States Court of Military Appeals, which denied his claim on February 6, 1992.

On or about April 10, 1991, following the completion of his appellate review, plaintiff received notification at Ft. Leavenworth that execution of his bad conduct discharge had been ordered. In accordance with that order, a DD Form 214, "Certificate of Release or Discharge from Active Duty," was prepared and signed on April 24, 1991. The DD Form 214 was then entered into plaintiff's Unit Personnel Records Group folder. That same day, plaintiff received notification that his compensation had been terminated due to the finalization of his case. At the time plaintiff filed his complaint, he did not yet have physical possession of his DD Form 214.

---

1. The convening authority may not order a bad conduct discharge executed if it has not been reviewed by a Court of Military Review. *See* 10 U.S.C. § 871(c)(1) (1988).

In his complaint, plaintiff argued that he remained on active duty until he actually *physically* received his DD Form 214. Plaintiff therefore contended that he was entitled to back pay of $6,450.90 (plus interest, fees, and punitive damages) and active duty pay status until his DD Form 214 was delivered. Defendant contended that actual physical delivery of plaintiff's DD Form 214 was not required to effect a valid separation; the form need only be "ready for delivery" upon separation.

## DISCUSSION

Summary judgment is properly granted when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed.Cir. 1987) (citing *Armco, Inc. v. Cyclops Corp.*, 791 F.2d 147, 149 (Fed.Cir.1986)). In considering a motion for summary judgment, the evidence must be viewed, and inferences drawn, in a light most favorable to the non-moving party. *Litton Indus. Prod., Inc. v. Solid State Sys. Corp.*, 755 F.2d 158, 163 (Fed.Cir.1985); *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F.2d 1144, 1146 (Fed.Cir.1983).

Plaintiff argued that discharge is legally effective only upon actual physical receipt of military discharge DD Form 214. The statute governing discharge from the armed services provides:

A Member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are *ready for delivery* to him or his next of kin or legal representative.

10 U.S.C. § 1168(a) (1988) (emphasis added). The statute does not require that the service member actually receive the discharge certificate in order for the military discharge to be valid. Rather, all that is prescribed is that the documentation be "ready for delivery." *See Hamon v. United States*, 10 Cl.Ct. 681, 683 (1986).

In *Hamon*, this court addressed the effect of the military's failure to deliver the appropriate discharge form to an enlisted member of the United States Coast Guard. *Hamon*, 10 Cl.Ct. at 681–82. *Hamon* dismissed plaintiff's claim for continued pay, reasoning that § 1168(a) requires only that the documents "be *'ready for delivery'* to service members on their separation date." *Id.* at 682 (quoting § 1168(a)); *see also Bish v. United States*, 26 Cl.Ct. 1243, 1244 (1992). In addition, *Hamon* found from the legislative history of the statute that its purpose was to expedite discharge procedures and facilitate the service member's return to civilian life, and that congressional concern for accelerating the process applied equally to service members anticipating veterans' benefits and uncooperative separatees. *Id.*

*Hamon* then examined the intended effect of the DD Form 214. The Code of Federal Regulations provides further support for the determination that delivery of the DD Form 214 is not required for separation to take effect. Section 45.3(b) of the Code states that "DD Forms 214 are not intended to have any legal effect on termination of the member's service." 32 C.F.R. § 45.3(b) (1992). The regulation also provides that the DD Form 214 may be issued under "other circumstances prescribed by the Military Service concerned." *Id.* Thus, the Air Force may promulgate additional procedural regulations governing issuance of the DD Form 214, but "failure to comply with [those] additional requirements ... [cannot change] the otherwise established date of separation in order to permit payment of pay and allowances for added periods." *Hamon*, 10 Cl.Ct. at 683 (quoting *In re Kenon D. Shattuck*, 63 Comp.Gen. 251, 252 (1984)).

While the Court of Claims imposed the requirement of actual physical delivery to effect a valid discharge when there were significant procedural defects or the plaintiff lacked knowledge of his or her status, this case is not governed by one of these situations. *See, e.g., Bray v. United*

*States,* 515 F.2d 1383, 1396, 207 Ct.Cl. 60 (1975) (procedural defect); *Cason v. United States,* 471 F.2d 1225, 1232, 200 Ct.Cl. 424 (1973) (procedural defect); *Crist v. United States,* 124 Ct.Cl. 825, 826–27 (1952) (no knowledge of discharge). No procedural defects taint plaintiff's discharge. Further, plaintiff's status was not ambiguous; both parties to plaintiff's discharge were "aware and ... intend[ed] to effect a discharge or separation on a given date." *Shattuck,* 63 Comp.Gen. at 252.

In support of his claim, plaintiff advanced several other cases that held delivery to be a deciding factor. *See, e.g., Machado v. Commanding Officer,* 860 F.2d 542 (2d Cir.1988); *United States v. Howard,* 20 M.J. 353 (C.M.A.1985); *United States v. Scott,* 29 C.M.R. 462 (C.M.A. 1960). However, these cases are inapposite. They addressed the validity of military jurisdiction to commence court-martial proceedings against a service member *after* the service member had obtained the appropriate certificate of discharge. The validity of the court-martial judgment in these cases thus hinged upon "the moment of discharge," i.e., whether the service member was still covered by the Uniform Code of Military Justice. *See Howard,* 20 M.J. at 354.

While the exact moment of discharge was also disputed in plaintiff's case, the issue is distinct from the one settled in cases cited by plaintiff. Plaintiff sought to extend his status of "Active Duty," not to abbreviate it. *Howard* recognized delivery of a discharge order as the moment when the parties to that discharge intended separation to take effect. A service member who has received his discharge order may rely on that order because "[i]it shows that the transaction is complete, that full rights have been transferred, and that the consideration for the transfer has been fulfilled." *Machado,* 860 F.2d at 544 (quoting *Howard,* 20 M.J. at 354).

The issue here is whether actual delivery of the discharge form is required to effectuate valid separation. *Howard* itself confirms that actual delivery is not required. In *Howard,* the court stated that a service member is discharged "upon delivery to him of the discharge certificate or other valid notice of the termination of his status." *Howard,* 20 M.J. at 354.

Both the applicable statute and relevant case law establish that plaintiff's discharge order was effective when his DD Form 214 became "ready for delivery" on April 24, 1992. Because plaintiff was notified that his discharge had become effective, he is not entitled to subsequent active duty status and its attendant benefits.

### CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is granted and plaintiff's claim is dismissed pursuant to RUSCC 56. The Clerk is directed to dismiss the complaint. No Costs.

IT IS SO ORDERED.