**Michael W. WILKINSON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 91–1649C.**

United States Court of Federal Claims.

Nov. 25, 1992.

Michael W. Wilkinson, pro se.

Samuel C. Watkins and John S. Groat, U.S. Dept. of Justice, for defendant, with whom were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, and James M. Kinsella, Asst. Director; Lieutenant Colonel W. Gary Jewell and Captain W. Renn Gade, Office of the Judge Advocate Gen., of counsel.

## OPINION

MARGOLIS, Judge.

This military back pay case comes before the court on the defendant's motion to dismiss for failure to state a claim upon which relief can be granted. Because matters outside the pleadings were presented by the parties, the court will treat the defendant's motion as a motion for summary judgment. The plaintiff, Michael W. Wilkinson, is a former member of the United States Army ("Army"). Wilkinson seeks back pay on the ground that he was never formally discharged because the Army failed to deliver to him a Certificate of Discharge. After a complete review of the entire record, and, no hearing deemed necessary, the defendant's motion is granted.

## DISCUSSION

The facts are undisputed. Wilkinson enlisted in the Army in June, 1980. He remained in the Army until August, 1990, when Wilkinson was convicted by a general court martial of committing indecent acts on his daughter, a child under sixteen years of age. Wilkinson was sentenced to five years confinement and was reduced in grade to Private E–1. He was incarcerated at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, and received a bad conduct discharge. His pay ceased with his discharge.

On June 22, 1991, authorities at the prison notified Wilkinson that his Certificate of Discharge, DD Form 214, was ready for Wilkinson to sign. Wilkinson signed the Certificate and requested to keep the form. The prison officials, however, refused to let him keep it and advised Wilkinson that the prison would keep the form for "safe keeping" during his incarceration.

The plaintiff claims that his discharge is not effective because his DD Form 214 was never physically delivered to him. He relies on 10 U.S.C. § 1168, which states that a member of an armed force may not be discharged until his discharge certificate is "ready for delivery to him." The regulation implementing this section states in pertinent part that "[t]he original of DD Form 214 showing separation from a period of active service ... will be *physically delivered* to the separate [sic] prior to departure" 32 C.F.R. § 45.3(b)(1)(i) (1991) (emphasis supplied).

The court rejects the plaintiff's contention. Two recent decisions of this court (also brought by prisoners at Fort Leavenworth) have addressed the precise issue that plaintiff raises. Those decisions interpret 10 U.S.C. § 1168 and 32 C.F.R. § 45.3(b)(1)(i) as mandating that a discharge becomes effective when an individual receives notice that his discharge is effective. Such notice typically occurs when the individual learns that his DD Form 214 is "ready for delivery." No actual physical delivery of the DD Form 214 is required. *Earl v. United States*, 27 Fed.Cl. 36, 37–38 (1992); *Bish v. United States*, 26 Cl.Ct. 1243, 1244 (1992). Wilkinson received notice on June 22, 1991 that his DD Form 214 was ready for delivery. He concedes that he saw, read, and signed his form. Nothing more was necessary to effect his discharge; therefore the discharge was effected within the meaning of 10 U.S.C. § 1168.

## CONCLUSION

Because the plaintiff was effectively discharged, he is no longer on active duty and is not entitled to the relief he seeks. Accordingly, the defendant's motion for summary judgment is granted. The clerk will dismiss the complaint. No costs.