**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL JAMES GOMEZ, | No. 10-17595 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-01179-NVW |
| v. | |
| KURT NEUBAUER, Brigadier General, Commander, 56th Fighter Wing, Luke Air Force Base; and MICHAEL BORDERS, Major, Commander, Security Forces, Luke Air Force Base, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted April 20, 2012[**]
San Francisco, California

Before: SCHROEDER, THOMAS, and GRABER, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Michael James Gomez appeals the district court's denial and dismissal with prejudice of his petition for habeas relief under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

I

The district court held that our decision in *Allen v. Steele*, 759 F.2d 1469 (9th Cir. 1985) (per curiam), controls and precludes the relief that Gomez sought. In *Allen*, we observed that "court-martial jurisdiction continues until [a] servicemember is discharged" and held that "[a] discharge is not complete until the servicemember receives a discharge certificate." *Id.* at 1471. Furthermore, we noted that "[c]ourt-martial jurisdiction attaches when action with a view to trial takes place." *Id.* (internal quotation marks omitted). Here, Gomez never received a discharge certificate, and the Air Force preferred charges on April 6, 2010—four days before his scheduled discharge. The district court was thus correct that *Allen* is controlling and that it clearly establishes the Air Force's jurisdiction over Gomez.

Gomez does not dispute that *Allen* controls.  Rather, he argues that *Allen* was wrongly decided.[1]  It is axiomatic that, as a three-judge panel, we may not disturb *Allen* absent an intervening authority.  *See, e.g.*, *State Bar of Cal. v. Findley*, 593 F.3d 1048, 1050 (9th Cir. 2010) ("[T]hree judge panels of our Circuit are bound by prior panel opinions 'unless an en banc decision, Supreme Court decision or subsequent legislation undermines those decisions.'" (quoting *Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1441 (9th Cir. 1994)).

Gomez does not point to an en banc decision, Supreme Court decision, or subsequent statute that undermines our decision in *Allen.*  We are thus bound by *Allen*, and hold that Gomez's jurisdictional claim fails.

## II

Even if we doubted the continuing vitality of *Allen*, this case is not an appropriate vehicle for en banc review because Gomez's arguments fail on the merits.

---

[1]  He requested an initial en banc review, but no active judge asked to hear the case initially en banc, and his request was denied.  *See* Petition for Initial Hearing En Banc, *Gomez v. Neubauer*, No. 10-17595 (9th Cir. Apr. 25, 2011), ECF No. 6; *Gomez v. Neubauer*, No. 10-17595 (9th Cir. Nov. 4, 2011), ECF No. 22.

Gomez does not dispute that the Air Force preferred charges against him on April 6, 2010, four days before his scheduled discharge. Nor does Gomez dispute that the Air Force never issued him a signed discharge certificate. Rather, Gomez disputes the court-martial's jurisdiction on the ground that he met the statutory requirements of discharge under 10 U.S.C. § 1168(a). He contends that he had received his "final pay" and that his discharge certificate was "ready for delivery." *Id.* Gomez bears the burden of establishing that the Air Force lacks jurisdiction. *See Machado v. Commanding Officer, Plattsburgh Air Force Base*, 860 F.2d 542, 544 (2d Cir. 1988) (citing *Johnson v. Zerbst*, 304 U.S. 458, 468-69 (1938)). He fails to do so.

First, Gomez's discharge certificate was never "ready for discharge" because it was never approved or signed. Second, the Air Force preferred charges, therefore asserting jurisdiction, well before the disputed date of discharge. *See Allen*, 759 F.2d at 1471; *see also* Rule 202(c), Attachment of jurisdiction over the person, Manual for Courts-Martial United States (2008) ("Court-martial jurisdiction attaches over a person when action with a view to trial of that person is taken."). Gomez fails to address this latter point, although it was one of the district court's grounds for decision.

4

In sum, it is beyond our authority to overrule *Allen*.  Binding precedent clearly establishes the Air Force's jurisdiction over Gomez, and we need not reach any other arguments raised by the parties.

**AFFIRMED.**