UNITED STATES, Appellee,

v.

David J. GARVIN, Private, U.S. Army, Appellant.

No. 56,443.

CM 447335.

U.S. Court of Military Appeals.

June 20, 1988.

For Appellant: *Captain Jon W. Stentz* (argued); *Colonel John T. Edwards, Major Eric T. Franzen, Major Russell S. Estey, Captain Keith W. Sickendick* (on brief); *Colonel Brooks B. La Grua, Lieutenant Colonel Paul J. Luedtke* and *Captain David W. Sorensen.*

For Appellee: *Captain Joseph P. Falcone* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Kathryn F. Forrester* (on brief); *Captain Denise K. Vowell.*

## Opinion of the Court

SULLIVAN, Judge:

On April 15, 1985, appellant was tried by a general court-martial composed of a military judge alone at Fort Jackson, South Carolina. In accordance with his pleas, he was found guilty of larceny, forgery, and making a false claim against the United States, in violation of Articles 121, 123, and 132, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 923, and 932, respectively. He was sentenced to a dishonorable discharge, confinement for 5 years, and total forfeitures. Pursuant to a pretrial agreement, the convening authority reduced the confinement to 14 months but otherwise approved the sentence. The Court of Military Review affirmed the findings of guilty and the sentence in a short-form opinion.

This Court granted the following issue for review:

WHETHER DELIVERY OF A DISCHARGE CERTIFICATE AND DD FORM 214 ACTED TO TERMINATE COURT-MARTIAL JURISDICTION OVER APPELLANT.

We hold that the mistaken delivery of a discharge certificate which had no legal effect and which had previously been revoked did not terminate court-martial jurisdiction over appellant. *See United States v. Cole,* 24 M.J. 18, 22 (C.M.A.), *cert. denied,* — U.S. —, 108 S. Ct. 97, 98 L.Ed.2d 58 (1987); *United States v. Griffin,* 13 U.S.C.M.A. 213, 32 C.M.R. 213 (1962).

The following jurisdictional facts were developed at trial:

13 September 1984—PV1 David J. Garvin was convicted by a special court-martial ... of wrongful appropriation of private property ... value[d] in excess of $100.00, in violation of Article 121, UCMJ, and larceny of telephone servic-

es, in violation of Article 134, UCMJ, 10 U.S.C. § 934. He was sentenced to 2-months' confinement, forfeiture of $397.00 [pay] per month for 2 months, reduction to E–1, and a bad-conduct discharge.

6 November 1984—PV1 Garvin completed his period of incarceration and was placed on excess leave pending final appellate review of his case (PV1 Garvin did not waive appellate review). PV1 Garvin reported to the Fort Bliss, Texas, Separation Transfer Point to outprocess prior to his excess leave. At that time, he was issued orders reassigning him to the Separation Transfer Point and ordering him to report to the Separation Transfer Point on 13 November to be discharged.

9 November 1984—the Assistant Adjutant, Fort Bliss, Texas, issued orders which revoked the 6 November orders pertaining to PV1 Garvin.

13 November 1984—PV1 Garvin did not report to the Separation Transfer Point. On that date, however, a clerk at the Transfer Point erroneously mailed a DD Form 214 Bad Conduct Discharge to PV1 Garvin's forwarding address. The clerks responsible for this error, Mr. Gilbert Cardinas and Mr. Daniel Joseph, do not recall receiving the 9 November revocation order.

[19 November 1984 to 13 January 1985—PV1 Garvin engaged in conduct giving rise to the instant charges. Specifically, the conduct involved was the presentation of false documents in order to receive money from the Army Finance Center and the Fort Jackson Army Emergency Relief office.]

[15 March 1985—New charges were preferred against PV1 Garvin.]

25 March 1985—the Assistant Adjutant, Fort Bliss, in accordance with AR 635–5, requested rescission of the erroneously issued DD Form 214.

[15 April 1985—PV1 Garvin was convicted by a general court-martial of the offenses giving rise to the instant case.]

Our starting point in resolving the granted issue is to note the type of discharge appellant received by mail on November 20, 1984: a bad-conduct discharge. It was part of the sentence imposed by an earlier special court-martial of appellant. *See* 10 U.S.C. § 1169(2). However, it is clear that such a discharge may not be executed until the requirements of Article 71(c), UCMJ, 10 U.S.C. § 871(c), are met. *See* para. 3–11, AR 635–200 (July 20, 1984). This did not occur until December 17, 1985, when appellant's petition for review of this court-martial was denied by this Court (21 M.J. 377). Art. 71(c)(1)(B). Accordingly, a discharge certificate that had no legal effect was sent to appellant by mail on November 13, 1984. *See generally Wickham v. Hall,* 706 F.2d 713, 716–17 (5th Cir.1983).

Appellant argues that this discharge was voidable, not void, and any illegality in its issuance could be waived by appellant. There is a statutorily prescribed way to waive the protections of Article 71 (*see* Art. 61, UCMJ, 10 U.S.C. § 861), but it was not utilized in the present case. This statutory bar stands. More importantly, however, it was conceded that the orders directing appellant's discharge were rescinded by the commander who issued them in the first instance. Accordingly, it was also not an authorized discharge within the meaning of Article 2, UCMJ, 10 U.S.C. § 802. *See United States v. Cole, supra* at 22; *United States v. Brown,* 12 U.S.C.M.A. 693, 31 C.M.R. 279 (1962); *United States v. Scott,* 11 U.S.C.M.A. 646, 648, 29 C.M.R. 462, 464 (1960). *Cf. United States v. Howard,* 20 M.J. 353 (C.M.A.1985). *See generally* W. Winthrop, *Military Law and Precedents* 550 (2d ed. 1920 Reprint).

Finally, we note that the intention of the discharge authority in this case (Commander, Headquarters, U.S. Army Air Defense Artillery Center and Fort Bliss, Texas) was to place appellant on excess leave pending appellate review of his special court-martial. (See action of the convening authority.) Consequently, the mistaken delivery of a discharge certificate and a DD Form 214 by subordinate personnel was not accomplished with the intent required to effect a

valid discharge. *See United States v. Griffin,* 13 U.S.C.M.A. at 215–16, 32 C.M.R. at 215–16. *See generally* H. Moyer, *Justice and the Military* § 1–242 (1972). For all of the above reasons, we hold that court-martial jurisdiction was not lost in this case.

The decision of the United States Army Court of Military Review is affirmed.

COX, Judge (concurring):

I concur. Issuance of a discharge certificate without *actual* authority is an *ultra vires* act and does not terminate jurisdiction. *United States v. Howard,* 20 M.J. 353 (C.M.A.1985), is premised upon the condition that "delivery" is of a valid discharge. *United States v. Griffin,* 13 U.S.C.M.A. 213, 32 C.M.R. 213 (1962).

EVERETT, Chief Judge (concurring in the result):

I believe the situation here is quite distinguishable from that in *United States v. Cole,* 24 M.J. 18 (C.M.A.), *cert. denied,* —— U.S. ——, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987), where a valid but voidable discharge was issued; and so I concur in the result.