UNITED STATES, Appellee,

v.

William H. KING, Boatswain's Mate
First Class, U.S. Navy, Appellant.

No. 58,279.
NMCM 87-1063.

U.S. Court of Military Appeals.

Jan. 9, 1989.

For Appellant: *Lynn H. Ball* (argued).

For Appellee: *Lieutenant Howard B.
Goodman*, JAGC, USNR (argued); *Captain Wendell A. Kjos*, JAGC, USN (on
brief); *Lieutenant Colonel L.F. Henley,
Jr.*, USMC.

*Opinion of the Court*

SULLIVAN, Judge:

In January 1987, appellant began trial by
special court-martial at Naval Amphibious
Base, Coronado, San Diego, California. He
was charged with one specification of
fraudulently procuring his separation from
the service and one specification of desertion, in violation of Articles 83 and 85,
Uniform Code of Military Justice, 10 USC
§§ 883 and 885, respectively. Prior to
pleas, the military judge granted appellant's motion for dismissal of the desertion
charge on the basis of lack of court-martial
jurisdiction. The Government filed an appeal pursuant to Article 62, UCMJ, 10 USC
§ 862, with the United States Navy-Marine
Corps Court of Military Review, which reversed the decision of the judge on May 12,
1987. Appellant's counsel thereafter filed
a motion for extension of time to file a
motion for reconsideration. No motion was
submitted within the extended time period
but the Court of Military Review ordered
reconsideration on its own motion. It then
affirmed its earlier decision on July 13,
1987.

This Court granted review of the following issue:

WHETHER THE NAVY–MARINE
CORPS COURT OF MILITARY RE-
VIEW ERRED IN FINDING PERSON-

AL JURISDICTION TO TRY APPEL-LANT FOR DESERTION.

We hold that no valid discharge occurred under the facts of this case, and, accordingly, court-martial jurisdiction existed over appellant. *United States v. Garvin*, 26 MJ 194 (CMA 1988); *United States v. Johnson*, 6 USCMA 320, 20 CMR 36 (1955).

The record of trial establishes that in June 1986 appellant submitted a request for an early reenlistment. At the reenlistment ceremony, which took place on July 3, 1986, appellant was given a "discharge certificate" bearing the words "Honorable Discharge." Although the exact words are in dispute, the evidence of record clearly shows that some words were said to appellant by the reenlistment officer that he had either been discharged at midnight on the night prior to this ceremony or that he was now a civilian. Upon hearing these words, appellant refused to complete the ceremony. Appellant then accompanied Ensign Vendrzyk, the reenlistment officer, to meet with a superior officer, Lieutenant Craig. Appellant explained his family problems, and some discussion regarding leave ensued. Thereafter, appellant returned to his "boat," retrieved his personal effects, and departed.

At trial, before pleas were entered, appellant moved to dismiss the charges against him, citing lack of *in personam* jurisdiction by the court-martial. He argued that he was validly discharged and was no longer subject to the Uniform Code of Military Justice. After extensive argument, the judge made the following rulings and findings:

The motion to dismiss, as it relates to Charge I, the Article 85 offense, is granted. As it would relate to the Additional Charge, Article 83 offense, it's denied.

I now will enter the following findings:

On 19 May 1986, the accused did submit at [sic] request chit for early reenlistment, which was approved by the accused's chain of command;

Competent naval authority approved the accused's discharge for the purposes of entering—purposes of him entering into an immediate reenlistment;

All the paperwork necessary to complete this action was delivered to the accused's command, including a discharge certificate, Appellate Exhibit III-A, a document directed to be issued by Appellate Exhibit V for purpose—for persons receiving an honorable separa—discharge.

On 3 July, a discharge certificate was delivered to the accused with the intent, by the government, that it operate as a discharge in order that the accused be qualified to reenlist. *The accused accepted the discharge certificate with the intent and understanding that it terminated his status in that he was discharged.*

The accused was discharged on 3 July 1986 and did not reenlist.

While the accused did not check out with his command or Disbursing, I find these matters more administrative in nature and not conditions precedent to a discharge.

(Emphasis added.)

On appeal, the Court of Military Review concluded that the "judge erred as a matter of law" and reversed on the basis that delivery of appellant's discharge certificate was an act of no "legal significance."

-------

■ This Court held long ago that "a discharge effected for the sole purpose of facilitating re-enlistment lacks the purpose of permitting a return to civilian life," and "a separation of this nature fails to end liability to trial by court-martial for prior crimes." *United States v. Johnson*, 6 USCMA at 324, 20 CMR at 40. We reaffirmed this principle in *United States v. Clardy*, 13 MJ 308 (CMA 1982), when we recognized the difference between a discharge accomplished upon expiration of completed enlistment obligations and one executed for the purpose of effecting a reenlistment. *See* MILPERS MAN

3640457.2.[1] Therefore, we agree with the court below that the physical transfer of a discharge certificate to appellant under the latter circumstances did not deprive military authorities of court-martial jurisdiction over him.[2] *See United States v. Garvin, supra. Cf. United States v. Cole,* 24 MJ 18 (CMA), *cert. denied,* — U.S. —, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987); *United States v. Howard,* 20 MJ 353 (CMA 1985); *Wickham v. Hall,* 12 MJ 145 (CMA 1981).

More particularly, Congress has spoken as to what constitutes a valid discharge. It said:

A member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are ready for delivery to him or his next of kin or legal representative.

10 USC § 1168(a).

No regular enlisted member of an armed force may be discharged before his term of service expires, except—

(1) as prescribed by the Secretary concerned;

(2) by sentence of a general or special court martial; or

(3) as otherwise provided by law.

10 USC § 1169.

We read these statutes as generally requiring that three elements be satisfied to accomplish an early discharge. First, there must be a delivery of a valid discharge certificate. This may be the DD Form 256N which appellant was given at the reenlistment ceremony. *United States v. Garvin, supra. See United States v. Howard, supra* at 354. In the alternative, one must receive a DD Form 214, Certificate of Release or Discharge from Active Duty. *Cf. United States v. Cole, supra* at 24. Second, there must be a final accounting of pay made. This is an explicit command set forth by Congress in 10 USC § 1168(a). There was no evidence that the required accounting took place in this case. *Cf. United States v. Howard, supra.* Third, appellant must undergo the "clearing" process required under appropriate service regulations to separate him from military service. 10 USC § 1169. *See United States v. Cole, supra* at 24; *Garrett v. United States,* 625 F.2d 712, 714 (5th Cir.1980), *cert. denied,* 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981), citing *Torres v. United States,* 621 F.2d 30, 32 (1st Cir. 1980). The mere physical transfer of the discharge certificate to appellant was not "delivery" of the discharge as required by law, and, accordingly, court-martial jurisdiction was not lost. *See United States v. Howard, supra.*

Despite our holding above, we are nonetheless concerned about a subsequent court-martial on the desertion charge. We note that the judge found as a matter of fact, necessary to his jurisdictional ruling, that "[t]he accused accepted the discharge certificate with the intent and understanding that it terminated his status in that he was discharged." *See United States v. Burris,* 21 MJ 140, 144 (CMA 1985). Such a factual finding might preclude a subsequent finding of the *mens rea* required for conviction of desertion. *United States v. Vance,* 17 USCMA 444, 38 CMR 242 (1968); *United States v. Johnson, supra* at 322–23, 20 CMR at 38–39. *See generally* J. Snedeker, *Military Justice Under The Uniform Code* § 2803f at 574 (1953). The prosecution has not challenged the legal sufficiency of this finding and, accordingly, may be estopped from

---

**1.** "The six-year obligation is not considered terminated upon discharge or other type of separation for the purpose of immediate entry or reentry in the same or any other component of the Armed Forces."

**2.** We note, however, that Section Al.045, Enlisted Transfer Manual (NAVPERS 15909C, Ch. No. 21) cautions:

The enlistment contract and the discharge certificate are to be retained in the Personnel Office/PSD until completion of the administration of the oath of enlistment after which the reenlistee takes the enlistment contract to the Disbursing Office as proof of reenlistment.

doing so in future proceedings. *United States v. Hogan*, 20 MJ 221 (CMA 1985). *See Restatement of the Law of Judgments* §§ 13, 27, and 85(3) (1982); IB *Moore's Federal Practice* ¶¶ 0.442–0.443 (2d ed. 1988). *See generally Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). *Cf.* R.C.M. 905(g), Manual for Courts-Martial, United States, 1984. We will not answer these questions at this time, but appropriate consideration should be given to them in any future proceedings in this case.

The decision of the United States Navy-Marine Corps Court of Military Review under Article 62 is affirmed. The record of trial is returned to the Judge Advocate General of the Navy for further proceedings.

Judge COX concurs.

EVERETT, Chief Judge (concurring):

I agree with the majority opinion that, under the circumstances of this case, delivery of the discharge certificate to King did not terminate his military status or the right of the Government to try him by court-martial. *Cf. United States v. Clardy*, 13 MJ 308 (CMA 1982). I do not, however, reach the question of the effect on continued court-martial jurisdiction from a failure to comply with the provisions of 10 USC §§ 1168(a) and 1169.

The military judge found that King "accepted the discharge certificate with the intent and understanding that it terminated his status in that he was discharged." I am unsure whether this finding—which has not been challenged on appeal—estops the Government from seeking to prove a different state of mind in a trial of accused's guilt or innocence. However, it is clear from the evidence presented on the jurisdictional issue that the Government cannot prove beyond a reasonable doubt that appellant possessed the *mens rea* required for the offense of desertion. If the court-martial found King guilty of desertion, such findings could not be affirmed. *Cf. Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Therefore, I would prefer to dismiss the desertion charge at this time, rather than go through the motions of a trial on a charge of which it is clear the accused cannot properly be convicted.

Within the desertion charge is the lesser-included offense of unauthorized absence. It would appear from the evidence here that there is some evidence tending to show that King had an honest and reasonable belief that he was no longer in the Navy because of his receipt of the discharge certificate. Such a belief would, in my view, constitute a defense to unauthorized absence.

As I understand the judge's findings, they do not specifically deal with the reasonableness of King's belief that he was no longer in the Navy. If the Government chooses to proceed with a charge of unauthorized absence, then this issue can be litigated in due course.