UNITED STATES, Appellee,

v.

**Sergeant Ronald A. BAKER,
417–70–2762, United States
Army, Appellant.**

**ACMR 8801592.**

U.S. Army Court of Military Review.

7 June 1989.

For Appellant: Major Marion E. Winter, JAGC, Captain Thomas A. Sieg, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before HOLDAWAY, CARMICHAEL, and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GIUNTINI, Judge:

The appellant pled guilty to carnal knowledge as a lesser included offense of rape in Specifications 1 and 2 of Charge II. Uniform Code of Military Justice art. 120, 10 U.S.C. § 920. He entered mixed pleas to other offenses.

The military judge accepted the guilty pleas to carnal knowledge and, knowing that the trial counsel intended to prove the greater offense of rape, he nevertheless entered findings of guilty to both carnal knowledge offenses. The members were told at the outset about the earlier findings of guilty of carnal knowledge. Also, during the military judge's instructions on findings, the members were advised that if they found the appellant not guilty of rape in Specifications 1 and 2 of Charge II, they need make no finding of guilt as to the lesser included offenses of carnal knowledge because the military judge already had done so. In announcing findings, the president of the court, obviously following the format of the findings worksheet previously agreed to by all parties to the trial, announced a finding of guilty of the rape offense in Specification 1 of Charge II and then said: "Of Specification 2 of Charge II: Not Guilty."

Appellate defense counsel argue that the military judge's finding of guilty of the lesser included offense of carnal knowledge in Specification 2 of Charge II was a nullity and that the court-martial panel's finding of not guilty encompassed both the rape and the lesser included offense of carnal knowledge. They conclude, therefore, that the appellant was prejudiced when sentencing proceedings were conducted because, even though the members had exonerated him of carnal knowledge by their findings, he was treated as if he had been convicted of that lesser offense.[1] We disagree and affirm.

The military judge erred when he entered findings of guilty to the lesser included offenses of carnal knowledge, knowing that the trial counsel intended to prove the charged offenses of rape. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 910(g)(2) [hereinafter R.C.M.]. However, the error was not prejudicial under the circumstances of this case. All parties to the trial understood that, in accordance with his pleas, the appellant had been found guilty by the military judge of the lesser included offenses of carnal knowledge and that the trial was to proceed on that basis.

When an accused pleads guilty to a lesser included offense and the prosecution indicates its intent to prove the greater offense, findings should not be entered until after receipt of the evidence. R.C.M. 910(g)(2); *see* also Army Reg. 27–10, Legal Services: Military Justice, para. 5–23a (16 Jan. 1989) and Dep't of Army Pam. 27–9,

Military Judges' Benchbook, para. 2–21, notes 2 and 3 (1 May 1982) (C3, 15 Feb. 1989) [hereinafter Benchbook].

In a court-martial with a panel, the members should be told by the military judge, prior to opening statements, about the meaning of the accused's plea to the lesser included offense as it relates to the contest on the greater offense. *See* Benchbook, para. 2–21, note 3, and para. 2–25, numbered note 6. Also, during instructions on findings, the members should be advised that if they find the accused not guilty of the greater offense and other contested lesser included offenses, then they must enter a finding of guilty to the lesser included offense to which the accused pled guilty.[2]

Finally, the findings worksheet should be tailored to ensure that if, through their deliberations, the members reach the pertinent lesser offense, the finding as to that lesser included offense is guilty.

The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.

---

1. In total, the appellant was convicted of two offenses: a separate rape (Specification 1 of Charge II) and the carnal knowledge offense in question (Specification 2 of Charge II). After findings, all parties repeatedly referred to the "two offenses" in the presence of the members. The trial counsel cross-examined one witness saying "you had no idea that he had committed the offense of carnal knowledge, did you?" Later, the trial counsel began a question on cross-examination by saying "And when a soldier commits the offense of carnal knowledge and rape." The members did not intervene to advise the judge that the offenses being represented were not consistent with the findings of guilty. Also, both counsel referred to two offenses during their arguments on sentencing. Finally, the military judge referred to the "offenses" in his

sentencing instructions without objection by the defense.

2. Perhaps the Procedural Instructions on Findings in paragraph 2–30 of the Benchbook could be changed to repeat, or incorporate by reference, the explanation of the meaning of a plea to a lesser included offense which is found in paragraph 2–25, page 2–27, numbered note 6, and which is given by the military judge prior to opening statements. Any such clarification in the findings instructions should add that a vote by the members is not required as to the pertinent lesser included offense, and that the findings worksheet has been tailored to assist the members in reading the required finding of guilty.