### UNITED STATES

v.

**Michael R.O. CORTTE, 392 52 5372, Mess Management Specialist First Class (E–6), U.S. Navy.**

**NMCM 91 2566.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 30 July 1991.

Decided 16 Dec. 1992.

Lt James P. McFadden, JAGC, USNR, Appellate Defense Counsel.

LCDR J. Richard Chema, JAGC, USN, Appellate Government Counsel.

Before FREYER, Senior Judge, and WELCH and MOLLISON, JJ.

PER CURIAM:

As he had pled, appellant was found guilty by a military judge sitting as a general court-martial of one specification of maltreating a subordinate and three specifications of committing indecent acts on a child under the age of 16, respective violations of the Uniform Code of Military Justice (UCMJ), Articles 93 and 134, 10 U.S.C. §§ 893, 934. He was sentenced to be confined for 10 months, to be reduced to pay grade E–3, and to be discharged with a bad-conduct discharge. Pursuant to a pretrial agreement, the convening authority suspended and later remitted the punitive discharge.[1]

Appellant's case reached this Court without any error assigned. After our review, we specified the following issue:

> DID THE COURT–MARTIAL LACK JURISDICTION TO TRY THE APPELLANT ON ALL OR PART OF THE OFFENSES OF WHICH HE WAS FOUND

---

1. The remission of the bad-conduct discharge did not affect this Court's jurisdiction. *Boudreaux v. United States Navy–Marine Corps Court of Military Review,* 28 M.J. 181 (C.M.A. 1989).

GUILTY BY VIRTUE OF *UNITED STATES EX REL. HIRSHBERG V. COOKE*, 336 U.S. 210 [69 S.Ct. 530, 93 L.Ed. 621] (1949)?

After giving the briefs of both parties due consideration, we find that military jurisdiction was lacking with regard to some of the charges and specifications to which findings of guilty were entered.

The material facts of this case are as follows. Appellant was discharged from the Navy on 30 March 1988. He was reenlisted the following day. On 30 July 1991, he was tried on a variety of charges and specifications. One specification alleged misconduct which had been committed within appellant's prior enlistment. Another alleged misconduct which straddled the two enlistments. Finally, two specifications pertained only to the current term of enlistment.

 *United States ex rel. Hirshberg v. Cooke*, 336 U.S. 210, 69 S.Ct. 530, 93 L.Ed. 621 (1949), examined the statutes which at that time established the jurisdiction of courts-martial over members of the Armed Forces. Those statutes were held to preclude the trial by court-martial of a member for misconduct committed in a prior enlistment. Discharge, even if reenlistment immediately followed, was held to interrupt the member's military status and terminate court-martial jurisdiction. *Id.* Despite the enactment of the Uniform Code of Military Justice and various amendments to the Code, *Hirshberg* remains binding precedent. *United States v. Clardy*, 13 M.J. 308 (C.M.A.1982). Every discharge, however, does not terminate jurisdiction. A servicemember who is discharged early for the purpose of immediate reenlistment has not experienced an interruption of his military status. *Clardy* at 316.[2]

The Government argues that *Hirshberg* is inapplicable to appellant's case and that *Clardy* is. We disagree.

 Appellant was on an extension of his enlistment in order to receive medical treatment at the time of his discharge.[3] The Government claims that this extension created a situation like that in *Clardy* such that appellant's military status was preserved between his discharge and reenlistment. An extension of enlistment for medical treatment, however, terminates when the service member is fit for discharge and reenlistment. *See* Naval Military Personnel Manual, article 1050155.1e. Since appellant was discharged, he was obviously fit for discharge, and any medical extension would, thus, have expired. Unlike Clardy, the appellant would not have been otherwise obligated to serve beyond his date of discharge. His obligation to serve terminated on 30 March 1988. That obligation resumed anew on 31 March 1988 based entirely on his reenlistment. *See United States v. Clark*, 35 M.J. 730 (A.F.C.M.R.1992).

 Additionally, the Government argues that appellant was not properly discharged as required by *United States v. King*, 27 M.J. 327 (C.M.A.1989). *King* held that the mere delivery of a certificate of discharge is insufficient to effect a discharge within the meaning of *Hirshberg*. A final accounting of pay and other formalities are required. *King* at 329. The Government notes that appellant did not receive his final accounting of pay until 31 March 1988, the day of his reenlistment. On that basis, the Government contends that appellant's discharge was somehow inoperative until after his reenlistment, hence, no interruption of appellant's military status ever took place. In *King*, however, no accounting of pay was ever performed because of the surreptitious man-

---

2. In addition, Article 3 of the UCMJ established exceptions to *Hirshberg*. 10 U.S.C. § 803. Neither *Clardy* nor Article 3, however, has any bearing on appellant's case.

3. Appellant's DD 214, Defense Exhibit C, bears the following notation:

HELD BEYOND NORMAL DATE OF ENLISTMENT IN ORDER TO RECEIVE MEDICAL TREATMENT FOR INJURY RECEIVED IN LINE OF DUTY.

Though the Government has adduced various documents and moved to attach them to the record, none sheds any light on this extension.

**770**

ner in which King procured his discharge. As a result, the Court found that King was never properly discharged and that court-martial jurisdiction over his offenses continued. *Id.* Appellant's accounting of pay, to the contrary, was done. The fact that the form memorializing that accounting was not dated until the day after appellant's DD 214 was delivered is of no jurisdictional significance.

The findings of guilty of Charge II and the specification thereunder (cruelty and maltreatment to a subordinate) are set aside and that Charge and specification are dismissed. Military jurisdiction over the misconduct alleged therein terminated with appellant's discharge of 30 March 1988. The findings of guilty of Specification 1 under Charge III (indecent acts with a child) encompass a course of criminal misconduct beginning approximately 1 and ½ years before appellant's discharge and ending four months into appellant's reenlistment. Because we cannot determine to our satisfaction to what degree the findings of guilty of this specification are based on misconduct over which the court-martial had no jurisdiction, we set aside the finding of guilty to that specification and, in the interests of judicial economy, dismiss the specification. Court-martial jurisdiction was properly exercised over Specifications 2 and 3 of Charge III (also alleging indecent acts with a child). On our review of the record, we are satisfied that appellant's pleas thereto were provident. The findings of guilty of Charge III and Specifications 2 and 3 thereunder are affirmed. On reassessment under the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A.1986) and *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990), only so much of the sentence as provides for confinement for 10 months and reduction to pay grade E–3 is affirmed. In addition, we note that while the convening authority had agreed in the pretrial agreement to suspend any administrative reduction to pay grade E–1 pursuant to Article 58a, UCMJ, no such suspension is recited in the convening authority's action. Accordingly, so much of the convening authority's action as allows for the administrative reduction of appellant to the pay grade E–1 is set aside.