**UNITED STATES, Appellee,**

v.

**Sergeant Joel S. KING, Sr., 436–13–4390, United States Army, Appellant.**

**ACMR 9202230.**

U.S. Army Court of Military Review.

15 April 1993.

For Appellant: Major Fran W. Walterhouse, JAGC, Captain Roy H. Hewitt, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC, Captain Richard O.I. Brown, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of conspiracy to present a false claim, absence without leave, and presenting a false claim, in violation of Articles 81, 86, and 132, 10 U.S.C. §§ 881, 886, and 932 (1982). He was sentenced to a bad-conduct discharge, confinement for eight months, and reduction to Private E1. The sentence was within the limitations of a pretrial agreement, and the convening authority approved it.

Only one of the errors asserted by appellant merits discussion. He asserts that the court-martial lacked personal jurisdiction over him because he had received his discharge certificate, and his final pay was ready for delivery, prior to attachment of court-martial jurisdiction. He adds that the issue was not waived by failure to raise it at trial. We hold that this court-martial had jurisdiction over appellant.

Appellant had been processed for discharge from the Army for his inability to overcome a bar to reenlistment. *See* Army Reg. 635–200, Personnel Separations, Enlisted Personnel, para. 16–5b (17 Sep. 1990). Orders were issued indicating that appellant would be discharged on 30 July 1992 and that he was not entitled to separation pay. Prior to 30 July 1992, appellant convinced a soldier who worked in the installation personnel office ·to create a false amendment to his discharge orders indicating that he was entitled to separation pay. Appellant presented this false amendment to the finance office.

The next day appellant went to outprocess. The person outprocessing him stated, "[I] started outprocessing [appellant]. He had given me all his outprocessing documents and all I had left to do was to complete the DD Form 214 [discharge certificate] by filling in his leave balance and getting the DD Form 214 signed by ... the Chief of the transition point. I told [appellant] to go to lunch and I would type in his leave balance and have the DD Form 214 signed by the time he returned." She then noticed that appellant was to receive separation pay when she knew he was not entitled to it. She called finance and the false amendment was discovered. The Criminal Investigation Command (CID) was called, went to her office, and apprehended appellant.[1]

The final CID report of investigation indicates that upon apprehension, appellant was in possession of a briefcase. The briefcase contained two copies of the false amendment to his orders, one copy of the original orders, and an honorable discharge certificate issued prior to appellant's apprehension.

Concerning his submission of the false orders, appellant stated, "I submitted them and I hadn't cleared outprocessing so I went on and submitted them and then the next day I went to the outprocessing center and then I found out that they had cut a check and then I was apprehended by CID."

█ In order to terminate court-martial jurisdiction by the early separation of a soldier from military service, there must be the delivery of a valid discharge certificate, a final accounting of pay, and completion of the clearing process required by appropriate service regulations. *United States v. King*, 27 M.J. 327 (C.M.A.1989). The discharge certificate must be issued pursuant to competent orders and delivered to the person concerned. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 202(a)(2) discussion; *see United States v. Howard*, 20 M.J. 353, 354 (C.M.A.1985); *United States v. Scott*, 11 U.S.C.M.A. 646, 29 C.M.R. 462 (1960).

█ In the case *sub judice*, defense appellate counsel points to the discharge certificate found in the briefcase. It is contended that possession of that document is proof of separation and that court-martial jurisdiction over appellant had terminated.

We disagree with appellant's contention for several reasons. We note that the clerk who processed appellant for separation stated that the discharge certificate had not been signed and issued, but was being prepared. We find as a matter of fact that a valid discharge certificate had not been issued appellant. Even if a valid certificate had been issued, it was issued pursuant to the falsely-amended orders. The orders, taken together, were not competent. Under those circumstances, we hold that the discharge certificate was procured fraudulently. In any event, mere

---

1. We have considered extra-record materials from the allied papers in appellant's record of trial for the limited purpose of resolving appellant's jurisdictional challenge. *See United States v. Roberts*, 7 U.S.C.M.A. 322, 22 C.M.R. 112 (1956).

physical transfer of the discharge certificate was not delivery as required by law. *See King*, 27 M.J. at 329. Finally, appellant's statement at trial clearly reveals that the discharge outprocessing had not been completed. We hold, therefore, that appellant's separation from military service had not been completed, and appellant was subject to the jurisdiction of the subsequent court-martial.

The remaining assertion of error is without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.