**UNITED STATES**

**v.**

**Carl STATON, Jr., 587 66 0856, Dental Technician First Class (E–6), U.S. Navy.**

**NMCM 92 0143.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 1 Nov. 1991.

Decided 18 May 1993.

LT Mary Anne Razim–Fitzsimons, JAGC, USNR, Appellate Defense Counsel.

Capt Laulie S. Powell, USMC, Appellate Government Counsel.

Before REED, MOLLISON and HAMILTON, JJ.

PER CURIAM:

Appellant, an instructor at the Navy's school for its dental technicians at Naval Training Center, Great Lakes, entered mixed pleas to a variety of offenses. In accordance with his pleas, he was found guilty by the military judge of violating a lawful general order (a base instruction) by having sex with a student and of using cocaine, violations of Articles 92 and 112a of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892 and 912a. Charged as well with desertion under Article 85, appellant entered a plea of guilty to the lesser offense of unauthorized absence

under Article 86 of the UCMJ. The military judge accepted his plea to unauthorized absence and entered a finding of guilty although the Government intended to try appellant on the greater offense. Officer and enlisted members found appellant guilty of desertion and guilty also of two offenses to which appellant had pled not guilty, violating a lawful general order, Secretary of the Navy Instruction 5379.2J dated 15 March 1989, by using government facilities for other than an official purpose (engaging in sexual relations with the student) and consensual sodomy, violations of Articles 92 and 125 of the UCMJ, 10 U.S.C. §§ 892 and 925. The members' sentence extended to confinement for one year, forfeiture of all pay and allowances for twelve months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

Appellant assigned two errors to the proceeding below.[1] Upon consideration of the record of trial, we specified two additional issues.[2]

We find appellant's assigned errors to be without merit. *See United States v. Graf,* 35 M.J. 450 (C.M.A.1992); *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992); *United States v. Coffman,* 35 M.J. 591 (N.M.C.M.R.1992) (per curiam). We turn, therefore, to the specified issues.

■ As noted, appellant entered a plea of guilty to unauthorized absence, the lesser-included offense of desertion alleged in Additional Charge II. Record at 34, 35. The military judge accepted his plea and entered a finding of guilty to unauthorized absence in accordance with appellant's plea despite the fact that the Government intended to go forward with evidence on the offense of desertion. Record at 43, 44. Further, the military judge did not inform the members of appellant's plea of guilty to the lesser included offense either before the presentation of evidence or prior to deliberations.

When an accused pleads guilty to a lesser included offense of that charged and the Government intends to proceed to trial and attempt to prove the greater offense, the military judge should not enter findings of guilty. Rule for Courts–Martial 910(g)(2), Manual for Courts–Martial, United States, 1984. Instead, the proper procedure is to defer the entry of findings pending a determination of the accused's guilt of the greater offense. *United States v. Baker,* 28 M.J. 900 (A.C.M.R.1989).

■ In a case tried before members, the members should be told by the military judge, prior to opening statements, about the meaning of the accused's plea to the lesser included offense as it relates to the contest on the greater offense. Also, during instructions on findings, the members should be informed that if they find the accused not guilty of the greater offense and other contested lesser included offenses, then they must enter a finding of guilty to the lesser included offense to which the accused pled guilty.

*Id.* at 901. (Citations omitted.) *See* Discussion, R.C.M. 920(e).

Since they were never informed that the appellant had pled guilty to unauthorized

---

1. I. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. WHEREFORE APPELLANT HAS BEEN DENIED DUE PROCESS OF LAW BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A KNOWING WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED BY A TRIAL DEFENSE COUNSEL FAILURE TO RAISE THE ISSUE AT TRIAL, AND THEREFORE THIS HONORABLE COURT SHOULD DISAPPROVE THE FINDINGS AND SENTENCE.

II. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE APPELLANT'S MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION.

2. I. DID THE MILITARY JUDGE'S FAILURE TO EITHER INFORM THE MEMBERS THAT APPELLANT HAD PLED GUILTY TO UNAUTHORIZED ABSENCE OR INSTRUCT ON UNAUTHORIZED ABSENCE AS A LESSER INCLUDED OFFENSE OF DESERTION PREJUDICE APPELLANT?

II. WAS THE COURT–MARTIAL DEPRIVED OF JURISDICTION BY APPELLANT'S REENLISTMENT ON 22 APRIL 91?

absence, the members were never given the opportunity to find appellant guilty only in accordance with his plea. In addition, without any instruction on the lesser included offense, the members were given only a choice between convicting appellant of desertion or acquitting him in the face of compelling evidence of his unauthorized absence. In such an instance, the finding of guilty of the greater offense cannot be allowed to stand. *See United States v. Staten*, 6 M.J. 275, 278 (C.M.A.1979).

█ As to the second issue, appellant's reenlistment contract of 24 January 1988, a copy of which was supplied to this Court in response to its order specifying the issue, was terminated early in order that appellant might immediately reenlist on 22 April 1991. He did so as evidenced by Prosecution Exhibit 4. Consequently, the court-martial which tried appellant had jurisdiction. *See United States v. Clardy*, 13 M.J. 308 (C.M.A.1982); *United States v. Cortte*, 36 M.J. 767 (N.M.C.M.R.1992).

█ Accordingly, with the exception of the finding of guilty entered by the members to the specification under what was presented to them as the Additional Charge (alleging desertion)[3], the findings of guilty are affirmed. As to the sole specification under Additional Charge II, only a finding of guilty in accordance with appellant's plea by exceptions and substitutions is affirmed, that is, of an unauthorized absence commencing on or about 1300, 08 April 1991 and terminating, by apprehension, on or about 17 September 1991. Additional Charge I is dismissed. *See* note 3, *supra*. On reassessment of the sentence under the principles of *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990) and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the sentence, as approved on review below, is affirmed.

HAMILTON, J., concurs.

---

3. Some comments on the enumeration of the additional charges in this case are in order. The general court-martial promulgating order recites a plea and finding of guilty to Additional Charge I which alleges that appellant failed to go to his appointed place of duty on 8 April 1991 at 1300. In fact, while appellant initially entered a plea of guilty to this charge, he subsequently withdrew it to enter a plea, by exceptions and substitutions, to Additional Charge II (which alleges that appellant deserted at 0700 on 9 April). His plea encompassed the entire period of time alleged by both charges. After entering a finding of guilty in accordance with appellant's plea to the lesser included offense under Additional Charge II, the military judge found Additional Charges I and II to be multiplicious for findings (which the court-martial order notes) and ordered those charges consolidated (which the court-martial order does not note). Record at 40, 46. It was to this consolidated Additional Charge that the members entered their finding of guilty.

Since the military judge previously entered a finding of guilty to the lesser included offense under Additional Charge II in accordance with appellant's plea, we have affirmed that finding. In addition, since appellant withdrew his plea to Additional Charge I, and since proper findings to that charge were never entered, we ordered that charge dismissed.