UNITED STATES, Appellee

v.

Joel S. KING, Sr., Sergeant
U.S. Army, Appellant.

No. 94–0162.
CMR No. 9202230.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 10, 1995.

Decided May 10, 1995.

For Appellant: *Captain Norman R. Zamboni* (argued); *Colonel Stephen D. Smith, Lieutenant Colonel James H. Weise, Major Fran W. Walterhouse, Major Roy H. Hewitt* (on brief).

For Appellee: *Captain John G. Giovannelli* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel James L. Pohl, Major Kenneth T. Grant, Captain Glenn L. Kirschner* (on brief); *Colonel John M. Smith.*

*Opinion of the Court*

CRAWFORD, Judge:

1. Pursuant to his pleas, appellant was convicted of unauthorized absence (29 days), presenting a false claim, and conspiracy to make a false claim, in violation of Articles 86, 132, and 81, Uniform Code of Military Justice, 10 USC §§ 886, 932, and 881, respectively. The convening authority approved the sentence of a bad-conduct discharge, 8 months' confinement, and reduction to the lowest enlisted grade. On April 15, 1993, the Court of Military Review * affirmed the findings and sentence. 37 MJ 520. We granted review on the following issue:

WHETHER APPELLANT'S COURT–MARTIAL LACKED PERSONAL JURISDICTION OVER APPELLANT BECAUSE APPELLANT HAD BEEN DISCHARGED FROM THE SERVICE.

FACTS

2. The Army processed appellant for discharge for his failure to overcome a bar to reenlistment. Orders were issued that

* *See* 41 MJ 213, 229 n. * (1994).

scheduled appellant for discharge on July 30, 1992, and recited that he was not entitled to separation pay. When appellant noted that he was not entitled to separation pay, he persuaded "a soldier who worked in the installation personnel office" to prepare "a false amendment to his discharge orders reciting" that "he was entitled to separation pay." Thereafter, appellant submitted his paperwork with the "false amendment" to a clerk in the finance office. When appellant went to the transfer point for out-processing, the clerk noticed the false amendment and alerted the Criminal Investigation Command which apprehended appellant. *See* 37 MJ at 521.

## DISCUSSION

■ 3. "It is black letter law that *in personam* jurisdiction over a military person is lost upon his [or her] discharge from the service, absent some saving circumstance or statutory authorization." *United States v. Howard*, 20 MJ 353, 354 (CMA 1985). *See also United States v. Batchelder*, 41 MJ 337 (1994). Thus, we must determine whether appellant had been discharged prior to his apprehension.

4. Separation from the military is governed by statute. Title 10 USC § 1168 concerning **"Discharge or release from active duty: limitations"** at (a) states:

A member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are ready for delivery to him or his next of kin or legal representative. Title 10 USC § 1169(1) states:

No regular enlisted member of an armed force may be discharged before his term of service expires, except—(1) as prescribed by the Secretary concerned[.]

■ 5. We addressed the statutory requirements of 10 USC §§ 1168 and 1169 in *United States v. King*, 27 MJ 327, 329 (CMA 1989). There we stated that an early discharge is not complete until the following have been satisfied: (1) "delivery of a valid discharge certificate"; (2) "a final accounting of pay"; and (3) undergoing "the 'clearing' process required under appropriate service regulations to separate" a servicemember "from military service." We cannot determine the validity of appellant's discharge certificate on the sparse record before us. However, the evidence of record does reveal that appellant had neither picked up his paycheck nor undergone the required "clearing process" prior to his apprehension. While appellant's counsel argued that picking up a final paycheck is not a required step to the completion of a final accounting of pay, it is not necessary that we answer that contention here. Appellant's final accounting of pay was not resolved due to appellant's own misconduct in fraudulently attempting to obtain separation pay to which he was not entitled. Thus, the second and third prongs of the *King* requirements for a valid discharge from the armed forces were not met prior to appellant's apprehension.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, GIERKE, and WISS concur.