UNITED STATES, Appellee,

v.

**Christopher A. KEELS, Airman Basic, U.S. Air Force, Appellant.**

No. 97–0708.
Crim.App. No. 32333.

U.S. Court of Appeals for the Armed Forces.

Argued March 24, 1998.

Decided Sept. 10, 1998.

For Appellant: *Captain Margo Stone Newton* (argued); *Colonel Douglas H. Kohrt* (on brief); *Lieutenant Colonel Kim L. Sheffield.*

For Appellee: *Captain Martin J. Hindel* (argued); *Colonel Brenda J. Hollis* and *Lieutenant Colonel Michael J. Breslin* (on brief); *Captain Mitchel Neurock.*

*Opinion of the Court*

EFFRON, Judge:

In accordance with his pleas, appellant was convicted by a general court-martial of sodomy with a child and three specifications of indecent acts or liberties with a child, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. The military judge sentenced him to a dishonorable discharge and 10 years' confinement. The convening authority approved these results, and the Court of Criminal Appeals affirmed the findings and sentence in a *per curiam* opinion.

This Court granted review of the following issue:

WHETHER THE AIR FORCE HAD JURISDICTION OVER APPELLANT WHEN APPELLANT'S EXPIRATION OF TERM OF SERVICE (ETS) EXPIRED WHILE HE WAS IN CONFINEMENT SERVING A PRIOR SENTENCE FROM A PRIOR COURT-MARTIAL, AND THE AIR FORCE SUBSEQUENTLY ISSUED AN ORDER TO EXECUTE APPELLANT'S DISCHARGE.

We hold that appellant remained a member of the Air Force and was subject to court-martial jurisdiction throughout the present proceedings.

I.

Prior to his present court-martial, appellant was the subject of an earlier court-martial in September 1994—his first court-martial—in which he was convicted of

charges involving drunk driving and involuntary manslaughter in violation of Articles 111 and 119, UCMJ, 10 USC §§ 911 and 919. The sentence from his first court-martial, as modified pursuant to a pretrial agreement and approved by the convening authority, included a bad-conduct discharge, 15 months' confinement, total forfeitures, and reduction to pay grade E1.

Although appellant's ETS occurred on April 11, 1995, he was not discharged at that time and remained in confinement, subject to military jurisdiction, as a result of his first court-martial. *See* Art. 2(a)(1) and (7), UCMJ, 10 USC § 802(a)(1) and (7). He was released from confinement on October 20, 1995, but remained in the Air Force on appellate leave while his case underwent appellate review. *See* Art. 76a, UCMJ, 10 USC § 876a. On October 31, 1995, the Court of Criminal Appeals affirmed the findings and sentence resulting from his first court-martial.

On January 25, 1996, the Air Force issued General Court–Martial Order (GCMO) No. 89, which provided, in part: "Article 71(c) [the appellate process] having been complied with, the bad-conduct discharge will be executed." One week later, before the discharge documents and other separation papers were prepared or delivered to appellant, his minor step-daughter made the allegations that ultimately led to the court-martial now before this Court. As a result of these allegations, appellant was placed in pretrial confinement on February 9, 1996. On February 21, 1996, the Air Force issued GCMO No. 98, revoking GCMO No. 89. At no time was a valid discharge certificate (*e.g.*, Department of Defense Form 214) prepared or delivered to appellant; nor was any final accounting of his pay made.

## II.

Appellant acknowledges that the Air Force retained jurisdiction over him while he was in confinement and during his subsequent period of appellate leave. Appellant's contention is that personal jurisdiction over him ended with the publication of GCMO No. 89 on January 25, 1996, which stated that "the bad-conduct discharge will be executed."

There are a number of pertinent statutes that govern the execution of a discharge. Article 71(c), UCMJ, 10 USC § 871(c), provides in pertinent part that a punitive discharge "may not be executed" until review is completed by the Court of Criminal Appeals and, in a case not reviewed by this Court, the time for filing a petition with this Court expires or the petition is denied. Under 10 USC § 1168(a), which governs all forms of administrative discharge, as well as punitive discharges, a servicemember "may not be discharged" until the member's discharge certificate and the member's final pay, or a substantial portion of that pay, are ready for delivery to the member or the member's next of kin or legal representative.

These provisions are designed to protect servicemembers from premature separation. Article 71 ensures that a member will not be separated from service until there has been a final appellate judgment as to the legality of the proceedings. Section 1168 ensures that a member will not be separated from the service, thereby depriving the member and the member's family of pay and benefits such as medical care, until both the formal discharge certificate and a substantial part of any pay due are ready for delivery.

Neither provision mandates instantaneous separation upon completion of appellate review. The military departments are large organizations, each comprised of hundreds of thousands of military and civilian personnel. There are numerous opportunities for errors in personnel administration. Article 71 and section 1168(a) are designed to reduce the potential for error.

The order in this case, which stated that the discharge "will be executed," merely initiated the administrative process of preparing the appropriate separation and pay documentation. There is no indication anywhere in the record that a valid discharge certificate was ready for delivery, that a final accounting of pay was accomplished, or that appellant completed the clearing process required by appropriate service regulations. *See United States v. King*, 27 MJ 327, 329 (CMA

1989).  Moreover, this is not a case of undue delay by the Government in processing the discharge of a member objecting to continued retention.  *See United States v. Hutchins,* 4 MJ 190, 192 (CMA 1978); *cf. United States v. Poole,* 30 MJ 149 (CMA 1990).  Appellant remained a member of the armed forces at all relevant times and, under Article 2(a), was subject to court-martial for offenses committed while in that status.  *See United States v. King,* 42 MJ 79, 80 (1995); RCM 202(a), Discussion (2)(B), Manual for Courts-Martial, United States (1995 ed.); *cf. United States v. Howard,* 20 MJ 353, 354 (CMA 1985).

## III.

The decision of the United State Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and GIERKE concur.