# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32365

————————————

## UNITED STATES
*Appellee*

v.

## Michael D. MORGAN, Jr.
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 13 April 2017

————————————

*Military Judge:* Andrew Kalavanos.

*Approved sentence:* Bad-conduct discharge, confinement for 3 months, and re-duction to E-1. Sentence adjudged 23 September 2015 by SpCM convened at Joint Base McGuire-Dix-Lakenhurst, New Jersey.

*For Appellant:* Major Johnathan D. Legg, USAF.

*For Appellee:* Major J. Ronald Steelman III, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, JOHNSON, and KIEFER, *Appellate Military Judges*.

Judge KIEFER delivered the opinion of the court, in which Senior Judge MAY-BERRY and Senior Judge JOHNSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

KIEFER, Judge:

Appellant was tried at a special court-martial by a military judge sitting alone of one specification of assault and five specifications of assault consummated by a battery against two different female Airmen in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928. The military

judge convicted Appellant contrary to his pleas of all five specifications of assault consummated by a battery and found Appellant not guilty of the simple assault. Appellant was sentenced to a bad-conduct discharge, confinement for three months, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

Appellant raises a single assignment of error: whether the court-martial lacked jurisdiction over the accused. Appellant argues that he was discharged from the Air Force prior to trial, and therefore, the court lacked personal jurisdiction over him. We disagree and affirm.

## I. BACKGROUND

On 19 June 2014, Appellant was selected for discharge through a quality force review board (QFRB) conducted by the Air Force Personnel Center (AFPC). Pursuant to this program, Appellant received a separation date of 29 September 2014. In early September, the military personnel flight prepared a DD Form 214 which reflected a 29 September 2014 discharge date. Appellant alleges that he was able to obtain a copy of this DD Form 214 on 9 September through an electronic personnel database. The form Appellant downloaded showed a 29 September 2014 discharge date.

On 11 September 2014, the 87th Air Base Wing legal office sent a letter to the military personnel flight requesting that Appellant be placed on administrative hold pending a court-martial. On 24 September 2014, the staff judge advocate sent a letter to the AFPC requesting that Appellant be extended on active duty for a period of six months past his projected 29 September 2014 date of separation "in anticipation of preferring charges in a court-martial action." In response, on 26 September 2014, three days before the effective date of Appellant's separation, his discharge order was "totally revoked" by a Request and Authorization for Change of Administrative Order.

At trial, Appellant submitted various pay records in support of his motion to dismiss for lack of personal jurisdiction, but there was no testimony explaining or interpreting this information. Additionally, there was no evidence that Appellant ever completed final out-processing from the base.

## II. DISCUSSION

"When an accused contests personal jurisdiction on appeal, we review that question of law *de novo*, accepting the military judge's findings of historical facts unless they are clearly erroneous or unsupported in the record." *United States v. Hart*, 66 M.J. 273, 276 (C.A.A.F. 2008) (quoting *United States v. Melanson*, 53 M.J. 1, 2 (C.A.A.F. 2000)).

A court-martial does not have jurisdiction over persons lawfully discharged from the armed forces.* *Smith v. Vanderbush*, 47 M.J. 56, 59 (C.A.A.F. 1997). Servicemembers, however, "do not have an unconditional right to be discharged." *Id.* at 57. "The authority to retain servicemembers past their period of obligated service for purposes of trial by court-martial is a longstanding feature of military law." *Id.* at 57–58.

Even when a servicemember has been approved for separation, unit commanders must "report serious misconduct . . . to the separation authority at once," and the "separation authority may withhold execution of a separation and, upon review of additional evidence, may withdraw approval of a voluntary or involuntary separation." Air Force Instruction (AFI) 36-3208, *Administrative Separation of Airmen*, ¶ 1.14 (2 July 2013).

A servicemember will be considered to have been lawfully discharged if:

> (1) the member received a valid discharge certificate or a certificate of release from active duty, such as a Department of Defense Form (DD Form) 214; (2) the member's 'final pay' or 'a substantial part of that pay' is 'ready for delivery' to the member; and (3) the member has completed the administrative clearance process required by the Secretary of the service of which he or she is a member.

*Melanson*, 53 M.J. at 2.

"Delivery" of a valid discharge certificate requires both a physical delivery as well as an intent to discharge. *United States v. Harmon,* 63 M.J. 98, 102 (C.A.A.F. 2006); *United States v. King*, 27 M.J. 327, 329 (C.A.A.F. 1989). Unless otherwise specified, a discharge takes effect at 2400 on the date of separation reflected on the DD Form 214. AFI 36-3208, ¶ 1.11.4; *see also United States v. Batchelder*, 41 M.J. 337 (C.A.A.F. 1994).

In this case, the military judge found that Appellant entered active duty on 10 May 2011. In May 2014, Appellant met a QFRB, which determined he would be discharged prior to the end of his term of service effective 29 September 2014. On 9 September 2014, a DD Form 214 was signed by an authorizing official establishing Appellant's separation date as 29 September 2014.

The military judge further found that on 11 September 2014, the base legal office sent a memorandum to the military personnel flight requesting Appellant be placed on administrative hold pending court-martial. On 24 September 2014, the legal office sent a memorandum to the AFPC requesting Appellant be placed on administrative hold for six months past his approved separation

---

* This general rule has certain limited exceptions, but none are applicable to this case.

date pending referral of court-martial charges. On 26 September 2014, Appellant's separation order was revoked through a Request and Authorization for Change of Administrative Orders.

Finally, the military judge determined that in April 2015, the legal office made another request to the AFPC that Appellant be placed on an additional indefinite hold in anticipation of referring court-martial charges. The military judge also noted that Appellant never objected to continued retention on active duty until filing his motion for lack of personal jurisdiction at trial. Upon review of the entire record, we find the military judge's findings of fact are supported by the evidence and are not clearly erroneous.

The military judge concluded there was no discharge because there was no "delivery" of a valid DD Form 214 on or after 29 September 2014, the effective date of Appellant's projected separation. We further find that Appellant's separation was revoked by competent authority prior to the effective date. Additionally, we find the record does not support that Appellant received a final accounting of pay or that he completed the required out-processing.

Appellant cites our opinion in *United States v. Russell,* Misc. Dkt. No 2014-11, 2015 CCA LEXIS 80 (A.F. Ct. Crim. App. 3 Mar. 2015) (unpub. op.), in support of his argument that he was discharged on 9 September 2014 when he claims he had access to a copy of the DD Form 214 in an electronic database. *Russell*, however, involved a completely different set of facts. In that case, the appellant had received a final accounting of pay, completed a final out-processing, and received a DD Form 214 on or after the effective date of his separation. *Id.* The issue in that case was the process used to return the appellant to active duty.

The record here does not support a valid discharge on 9 September or any other date. Instead, the record clearly indicates the separation was revoked prior to its effective date, there was no final accounting of pay, and Appellant did not complete the required out-processing.

We further find that the legal office took proper steps to continue Appellant's administrative hold in April 2015. Appellant alleges that the original six-month hold took effect in late September 2014, and it had ended by late March 2015. He thus argues he should have been discharged upon expiration of the first six-month hold. While the preferred procedure is to act within the first hold period to ensure there are no lapses between administrative holds, as previously noted, members "do not have an unconditional right to be discharged." *Vanderbush*, 47 M.J. at 59. In this case, none of the factors establishing a valid discharge occurred in March or April 2015.

Despite being able to access a DD Form 214 in an electronic database prior to formal delivery and the effective date of the separation, Appellant was never

discharged from the Air Force. Accordingly, the court-martial had personal jurisdiction over Appellant at the time of trial.

### III. CONCLUSION

The findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court