**UNITED STATES, Appellant,**

v.

**Private E–2, Claude HOWARD, Jr., 365–70–5180, United States Army, Appellee.**

**Miscellaneous Docket No. 1984/11.**

U.S. Army Court of Military Review.

10 Jan. 1985.

Captain Dean C. Berry, JAGC, argued the cause for the appellant. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gra-

velle, JAGC, and Major Joseph A. Rehyansky, JAGC.

Captain Craig E. Teller, JAGC, argued the cause for the appellee. With him on the brief was Captain Harry L. Williams, Jr., JAGC.

Before MARDEN, PAULEY, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

MARDEN, Senior Judge:

On 14 November 1984, appellee was arraigned before a military judge sitting as a general court-martial on one specification of larceny, four specifications of forgery, one specification of wrongful possession of a military identification card, and one specification of false swearing, in violation of Articles 121, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 923, and 934 (1982). Upon motion by the defense, the military judge dismissed all charges and specifications for lack of *in personam* jurisdiction. On 10 December 1984, the Government filed an appeal with this Court, which was answered by appellate counsel for appellee on 27 December 1984. The Government requested oral argument on 21 December 1984 and argument was held on 7 January 1985.

Appellee enlisted in the Army on 16 August 1982 for a term of three years. He was ordered to be discharged from the United States Army, prior to the expiration of his term of service, under the provisions of Chapter 13 (Separation for Unsatisfactory Performance), Army Regulation 635–200, Personnel Separations—Enlisted Personnel (1 Oct. 1982) [hereinafter cited as AR 635–200]. The regulation states that discharge is effective at 2400 hours on the date of notice of discharge to the enlisted person. Paragraph 1–31(d). The discharge order, dated 16 August 1984, provided that appellee's date of discharge was to be 22 August 1984, unless changed or rescinded. On the morning of 22 August, appellee reported to the Separation Transfer Point and was issued a General Discharge Certificate and a copy of DD Form 214, a Certifi-

cate of Release or Discharge from Active Duty.

After this out-processing had been completed, the Fort Devens office of the Criminal Investigation Division informed appellee's unit that he was under investigation for wrongful possession of a military identification card. Upon learning this information, appellee's battalion commander recommended that the Commander, 10th Special Forces Group, the authority who had approved the discharge, revoke the discharge order. During the late afternoon or evening of 22 August 1984, the Group Commander ordered revocation. This action was completed by the Adjutant General's office at approximately 2200 hours on the same date. Appellee could not be located by military authorities, however, and was not informed of the revocation until 31 August 1984, when he was found in Detroit, Michigan.

Appellee's case was referred to a general court-martial where he was arraigned on 14 November 1984. Upon motion by the defense, and after hearing arguments from both the defense and the Government, the military judge concluded that as a result of giving appellee a discharge certificate, processing him for separation, permitting him to leave Fort Devens, and not notifying him of the revocation for nine days, the Government had lost jurisdiction over appellee. He therefore dismissed all charges and specifications for lack of *in personam* jurisdiction.[1]

Essentially, the question is whether the act of delivering appellee's discharge certificate to him effectively discharged him or whether, under the law at the time, appellee's discharge was properly withdrawn before it was effective. We hold the latter to be correct.

As argued by counsel, very few reported cases discuss the point in question.[2] Two of these cases,[3] which held revocation improper under similar circumstances, are clearly distinguishable because of changes in the law since they were decided.

When *Scott* and *Brown* were decided the governing statute, 10 U.S.C. § 8811[4] provided:

(a) A discharge certificate shall be given to each lawfully inducted or enlisted member of the Air Force[5] upon his discharge.

(b) No enlisted member of the Air Force may be discharged before his term of service expires, except—

(1) as prescribed by the Secretary of the Air Force;

(2) by sentence of a general or special court-martial; or

(3) as otherwise provided by law.

In 1976, the foregoing enactment was superseded by 10 U.S.C. § 1169[6] which expressly deleted subparagraph (a) of its predecessor and now provides:

No regular enlisted member of an armed force may be discharged before his term of service expires, except—

(a) as prescribed by the Secretary concerned;

(b) by sentence of a general or special court-martial; or

(c) as otherwise provided by law.

Pursuant to 10 U.S.C. § 1169, the Secretary of the Army has published paragraph 1–31d, Army Regulation 635–200, which provides in pertinent part:

Paragraph 1–31.

---

1. Apparently the military judge relied on *United States v. Brown*, 31 C.M.R. 279 (C.M.A.1962) and *United States v. Scott*, 29 C.M.R. 462 (C.M.A. 1960) to reach his decision.

2. *United States v. Brown, supra* note 1; *United States v. Scott, supra* note 1; *United States v. Barbeau*, 9 M.J. 569 (A.F.C.M.R.), *pet. denied*, 9 M.J. 277 (C.M.A.1980).

3. *United States v. Brown, supra* note 1 and *United States v. Scott, supra* note 1.

4. 10 U.S.C. § 8811 (1956) (repealed 1968).

5. 10 U.S.C. §§ 8811 and 3811 are parallel provisions, one covering the United States Air Force, the other the United States Army.

6. 10 U.S.C. § 1169 (1976, Cum.Supp.1983).

*d.* Discharge for all reasons other than those set forth in *a, b,* and *c* above is effective at 2400 hours on the date of notice of discharge to the enlisted person.

We find in the *Barbeau* case [7] a persuasive rationale, albeit dicta, for adoption in this case. The rule enunciated there is that it would be illogical to say that, absent statutory impediment, a discharge authority may specify the date of separation but not its hour. *United States v. Barbeau,* 9 M.J. at 573. Moreover, since the statutory provision, 10 U.S.C. § 8811, on which the *Scott* court based its rationale, has been repealed, we find the military judge's apparent reliance on the rationale of the *Scott* case is misplaced.[8]

Appellee's counsel have submitted for our consideration certain secondary sources which they contend support their argument that appellee was discharged.[9] Though interesting, these secondary sources do not change the clear import of the current statute and regulation as applied to the facts in this case.[10] Additionally, we do not find the intent of the drafters of the current Manual for Courts-Martial, United States, (1984) [hereinafter cited as MCM] to be inconsistent with the rule enunciated above.[11] The Analysis of Rules for Courts-Martial 202 indicates the drafters of the Manual in considering the law on termination of jurisdiction intended that *United States v. Griffin,* 32 C.M.R. 213 (C.M.A. 1962), be applicable.[12] That case held the mere physical transfer of a discharge instrument to be ineffective when not accompanied by an intention that the instrument take effect according to its legal tenure. The regulation in question in this case clearly indicates the intention of the Army not to discharge appellee, regardless of any delivery of papers, etc., until 2400 hours of the day in question.

Under the facts of this case,[13] we find the military judge erred in dismissing the charges for lack of *in personam* jurisdiction. Accordingly, the appeal of the Government of that ruling is granted. The ruling of the military judge is vacated and the record is remanded for further proceedings.

Judge PAULEY and Judge WERNER concur.

---

**7.** *United States v. Barbeau, supra* note 2.

**8.** Congress repealed 10 U.S.C. § 8811 because its intended subject and that of 10 U.S.C. § 3811 were included in 10 U.S.C. § 1169 (1976, Cum. Supp.1983).

**9.** E.g., Department of Army Pamphlet 27–174, Military Justice—Jurisdiction of Courts-Martial (Cl, 1 Feb. 1981).

**10.** We note the exposition of the law in this area as stated in the most recent edition of Volume I, Criminal Law, p. 2–1 and 2–5 (The criminal law textbook used at The Judge Advocate General's School) is consistent with our decision in this matter.

**11.** To hold otherwise would negate the reason for the use of the word "ordinarily" in paragraph (1)(b) of the discussion to Rule for Courts-Martial (R.C.M.) 202, MCM.

**12.** MCM, App. 21, part II, chap. II, R.C.M. 202 (analyzes subsection (2)(B) of the discussion).

**13.** We note there is no claim that the Government did not comply with applicable regulations nor act promptly to notify the appellee and in fact, the implication in the record before us is that the Government notified appellee as soon as it could.