UNITED STATES, Appellee,

v.

Claude HOWARD, Jr., Private

U.S. Army, Appellant.

No. 51691.

Misc. No. 1984 11.

U.S. Court of Military Appeals.

Sept. 30, 1985.

For Appellant: *Captain Craig E. Teller* (argued); *Colonel William G. Eckhardt, Lieutenant Colonel William P. Heaston,* and *Captain Harry L. Williams, Jr.* (on petition).

For Appellee: *Captain Dean C. Berry* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle,* and *Major Joseph A. Rehyansky* (on petition).

*Opinion of the Court*

COX, Judge:

We are asked to decide whether the United States Army Court of Military Review was correct when, pursuant to Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862, it reversed a finding by the military judge that delivery of a discharge certificate and pay to appellant acted to terminate court-martial jurisdiction over his person. 19 M.J. 795 (1985). We agree with the military judge's finding and reverse the decision of the Court of Military Review.

Appellant was ordered to report to the Separation Transfer Point, Fort Devens, Massachusetts, on August 22, 1984, where he was to be administratively discharged on that date under the provisions of Chapter 13, Army Regulation (AR) 635–200. Pursuant to these orders, Private Howard reported to the Transfer Point early on the morning of August 22, 1984. There, he was issued a General Discharge Certificate and a DD Form 214 (Certificate of Release or Discharge from Active Duty). He then proceeded to the finance section to collect his travel pay and turn in his military identification card. By 9:45 that morning, appellant had signed out of the command and was on his way home.

Later that afternoon, appellant's unit was alerted by the Criminal Investigation Command at Fort Devens that he was being investigated for wrongful possession of a military identification card. Acting under the belief that appellant's discharge was not effective until midnight on August 22, 1984, as provided by paragraph 1–31(d), AR 635–200, the responsible commander directed that appellant's discharge order be revoked. The revocation order was prepared at approximately 10:00 p.m. on August 22, 1984; however, appellant was not notified of this action until August 31, 1984, when he was located in Detroit, Michigan. He was subsequently brought to trial by general court-martial for wrongful possession of the military identification card and additional offenses of larceny, forgery, and false swearing, in violation of Articles 134, 121, and 123, UCMJ, 10 U.S.C. §§ 934, 921, and 923, respectively. The military judge concluded that personal jurisdiction to try appellant had been lost when the Government gave him a discharge certificate, processed him for separation, permitted him to leave Fort Devens, and did not notify him of the revocation until 9 days later.

■ It is black letter law that *in personam* jurisdiction over a military person is lost upon his discharge from the service, absent some saving circumstance or statutory authorization.*

The narrow question we are called upon to decide is to identify the *moment* of discharge. The Government urges us to permit the Secretary of the Army, by regulation, to establish the moment of discharge. We respectfully decline to do so.

Discharge is effective upon delivery of the discharge certificate. *United States v. Scott*, 11 U.S.C.M.A. 646, 29 C.M.R. 462 (1960). This decision is based on a long line of historical service precedents which construed the provisions of the existing congressional statutes as separating a member of the armed services upon delivery to him of the discharge certificate or other valid

notice of the termination of his status. *See* W. Winthrop, *Military Law and Precedents* 548 (2d ed. 1920 Reprint); *see also* 1967 U.S.Code Cong. & Ad.News 2635, 2643, 2644. Discharges are governed by 10 U.S.C. § 1168(a), which states:

(a) A member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are ready for delivery to him or his next of kin or legal representative.

Our examination of the statutory language and the legislative history of 10 U.S.C. § 1168 shows no indication that Congress intended to change the longstanding historical precedent for delivery of the discharge certificate to the time when a servicemember is released from active duty and court-martial jurisdiction terminates. The discussion to R.C.M. 202, Manual for Courts-Martial, United States, 1984, supports this finding.

"Delivery" in this context has significant legal meaning. It shows that the transaction is complete, that full rights have been transferred, and that the consideration for the transfer has been fulfilled. If, on the other hand, the delivery of the discharge certificate has been accomplished by fraud, *Wickham v. Hall*, 12 M.J. 145 (C.M.A.1981) (Fletcher, J., concurring in the result; Everett, C.J., dissenting); *Wickham v. Hall*, 706 F.2d 713 (5th Cir.1983), or if the servicemember remains in continuous and uninterrupted service, as when the discharge is delivered for the sole purpose of effecting a reenlistment, *United States v. Clardy*, 13 M.J. 308 (C.M.A.1982), then the delivery loses its legal significance.

■ Paragraph 1–31(d), AR 635–200, would have authorized the commander to retain appellant within his command until midnight on the date of discharge. However, the commander made an informed decision to allow appellant to be discharged

---

* *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955); *United States ex rel. Hirshberg v. Cooke*, 336 U.S. 210, 69 S.Ct. 530, 93 L.Ed. 621 (1949); *Ex parte Milligan*, 71 U.S. (4 Wall.) 2, 18 L.Ed. 281 (1866).

at an earlier time when he authorized him to pick up his discharge certificate, as well as his DD Form 214 and travel pay, and allowed him to be released from the boundaries of the military reservation before any action was taken with a view to trial by court-martial. *United States v. Meadows,* 13 M.J. 165 (C.M.A.1982); *United States v. Douse,* 12 M.J. 473 (C.M.A.1982). Consequently, a court-martial no longer had *in personam* jurisdiction to try appellant for the charged offenses.

The decision of the United States Army Court of Military Review is reversed and the decision of the military judge is reinstated.

Chief Judge EVERETT concurs.

Judge FLETCHER did not participate.