UNITED STATES, Appellant,

v.

Michael A. BATCHELDER, 003–56–5716 Aviation Electronics Technician Third Class (E–4) U.S. Naval Reserve (TAR), Appellee.

NMCM 94 00483.

U.S. Navy–Marine Corps Court of Military Review.

Decided 20 June 1994.

LT David K. Herlihy, JAGC, USNR, Appellate Government Counsel.

LT William M. Schrier, JAGC, USNR, Appellate Defense Counsel.

McLAUGHLIN, Judge:

This is a Government appeal brought under Article 62, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 862.

On 22 April 1994, the military judge granted a defense motion to dismiss the charges brought against the appellee based on a lack of personal jurisdiction. We find that the military judge erred as a matter of law.

*The Facts*

The appellee had enlisted in the Naval Reserve on 13 December 1989 for a period of

8 years, with the first 4 years to be on active duty and the remaining 4 years to be on inactive duty. On 1 December 1993, the appellee began the process of checking out from his command and for discharge. His end of active obligated service [hereinafter EAOS] was 13 December 1993, but, by what seems to be mutual agreement, his discharge was delayed until 14 December 1993, and again until 15 December 1993. The appellee had accomplished all of his·check-out obligations, including surrendering his military identification card and being issued a reserve military identification card, by mid-afternoon on 15 December 1993. On the same day at 1400, the appellee received his "discharge package" (described below) at the Personnel Support Detachment, Naval Station, Anacostia, and traveled to his barracks at Naval Air Facility, Andrews Air Force Base, Maryland. At 1630, while loading his car to depart the base, he was apprehended for violations of the UCMJ. He was in the custody of military authorities at the time of this Government appeal.

On 15 December 1993, a DD Form 214 (Certificate of Release or Discharge from Active Duty) was prepared for the appellee. It indicated in Block 12.b. that the appellee's separation date was 15 December 1993. App. Ex. V. This DD Form 214 was delivered to him by the separations clerk at the Personnel Support Detachment at 1400 on 15 December 1993. Separation orders accompanied this DD Form 214. These separation orders have the standard, pre-printed admonition:

1. You will regard yourself released from all active duty effective at 2400 on date shown in Block 2, at which time in accordance with reference (a) you are transferred to inactive duty....

App. Ex. IV. The Block 2 entry is "93DEC15."

### The Essential Findings

The military judge stated findings on the record and submitted additional written findings at the time of authentication. The military judge found: "That the accused had been delivered a discharge." Finding of

Fact 16. He also found that there had been a final accounting of the appellee's pay. Finding of Fact 17. The appellee's pay had been locally computed for 14 December 1993 and had to be changed for 15 December 1993, but "the computer to Cleveland was down." Therefore, the separations clerk suggested, and the appellee elected, to have his final check mailed to his civilian address. The military judge found this was not abnormal or inappropriate. Finding of Fact 7.

Most significantly, the military judge made the following findings:

11. The instructions that PN3 A[ ] [1] received in his turnover required the orders and discharge certificate be prepared for pick up after 2400 of the discharge date from the OOD. In this case the orders could not have been picked up by the accused until after 2400 15 December 1993 if the procedure had been adhered to. PN3 A[ ] did not follow that procedure in this case and his normal practice was to deliver the discharge certificate to the servicemember and also arrange for travel on the day before the discharge was effective.

21. That the CO, VAQ209 had not made an informed decision to allow the accused to be discharged prior to that time authorized by his orders.

Appended Findings of Fact (footnote added). The military judge also found that the appellee's separation orders, *which accompanied the* DD Form 214 *discharge papers* given to the appellee, did not become effective until 2400 on 15 December 1993. Record at 57. Additionally, nothing in the testimony of the separations clerk undermines the plain language of the self-executing provision of the separation orders that accompanied the DD Form 214 with respect to the moment the appellee could consider himself relieved of active duty obligations. The military judge found that the separations clerk "basically made up his own procedure of delivering the DD–214 early on the day that the accused—prior to him being discharged and allowing the accused and other persons being discharged to basically walk around with their own DD–214 and orders." *Id.*

---

1. The separations clerk.

The military judge based his ultimate ruling entirely on the decision in *United States v. Howard*, 20 M.J. 353 (C.M.A.1985):

> [I]'m going to explain my understanding of the law. First of all, I would think that a person that's on active duty, receiving pay, who has orders that did not become effective until 2400 would be subject to military jurisdiction until the orders on their face had been effectuated. In other words, not until 2400 on the 15th of December. My problem is I've got *United States versus Howard*, 20 M.J. 353, COMA, 1985, that says that's not the law. And I'd like to be able to distinguish *Howard* by saying in the dicta of the case that the accused had not been allowed to be released from the boundaries of the military reservation before any action was taken with a view to trial by courts-martial, but, to me, that's a distinction without a difference. That's dicta of *Howard*. *Howard* says once you receive the discharge you're not subject to jurisdiction anymore.

Record at 57–58. The military judge did distinguish the other cases cited by the parties as not controlling on the motion to dismiss. Ruling to grant the appellee's motion to dismiss for lack of personal jurisdiction, the military judge said:

> *Howard* just says if he's received his discharge, it's become effective.... Therefore, the motion by the defense is granted.

*Id.* at 58.

### The Law

Because of the military judge's reliance on the decision in *Howard*, we will review the pertinent facts in that case.

In *Howard* the accused was given his DD Form 214 with an effective date of 22 August 1984 on the morning of 22 August 1984 at an Army installation in Massachusetts. By 0945 on that morning Howard had returned his military identification card, collected his travel pay, signed out of the command, and was on his way home. On the afternoon of 22 August 1984, Howard's unit was notified that he was being investigated for violations of the UCMJ. Acting under a belief that Howard's discharge was not effective until midnight on 22 August 1984, as provided by paragraph 1–31(d), Army Regulation 635–200, the responsible commander issued an order revoking the discharge at 2200, 22 August 1984. Howard was notified of the order on 31 August 1984 in Detroit, Michigan. The U.S. Court of Military Appeals declined to allow the Secretary of the Army, through the Army Regulation, to establish the moment of discharge. The Court found that although the regulation authorized the commander to retain Howard until midnight of 22 August 1984, that commander had made an informed decision to discharge Howard early. *Howard*, 20 M.J. at 354–55.

In a Government appeal, this Court is empowered to act only with respect to questions of law. Article 62(b), UCMJ, 10 U.S.C. § 862(b); *United States v. Postle*, 20 M.J. 632, 636 (N.M.C.M.R.1985); Rule for Courts–Martial [R.C.M.] 908, Manual for Courts–Martial, United States, 1984. Although the question of whether there is *in personam* jurisdiction over the appellee is ultimately a question of law, there are factual determinations which bear on the appellee's status. As a rule, we are bound by the trial judge's resolution of these factual questions and will overturn such factual determinations only if we find they are unsupported by the record or are clearly erroneous. *United States v. Burris*, 21 M.J. 140, 144 (C.M.A. 1985).

### Application

We now turn to the question of whether there is evidence of record to support the military judge's factual determinations and whether they have been correctly applied to the law. The general rule is that delivery of the discharge certificate terminates status notwithstanding service regulations that allow for a later "effective" time of discharge. *Howard*, 20 M.J. 353; *see also* R.C.M. 202(a), discussion at (2)(B) ("the delivery of a valid discharge certificate or its equivalent ordinarily serves to terminate court-martial jurisdiction.").

As can be expected, exceptions to the general rule exist, such as in the face of fraud or early discharges for the purpose of immediate re-enlistment. *United States v. King*, 27

M.J. 327 (C.M.A.1989); *United States v. Clardy*, 13 M.J. 308 (C.M.A.1982); *United States v. Cortte*, 36 M.J. 767 (N.M.C.M.R. 1992). This Court has ruled that delivery of a discharge before the day of EAOS, *in violation of law and Navy instructions*, allows revocation of the discharge before the day of EAOS. *United States v. Brunton*, 24 M.J. 566 (N.M.C.M.R.1987); *see also Spiller v. Vest*, 32 M.J. 792 (N.M.C.M.R.1990) (citing *King* ). Some of these exceptions have been described as "saving circumstances or statutory authorization" extending jurisdiction beyond discharge. *Howard*, 20 M.J. at 354 (footnote omitted).

■ We conclude that, unlike the *Howard* case, the appellee's commander did *not* "make an informed decision to allow appellee to be discharged at an earlier time ..." because (1) the separations clerk was not following the instructed procedures, and, more importantly, (2) the discharge package contained a clear statement to the appellee advising him that his status as an active duty servicemember would not terminate until 2400 on 15 December 1993. We further conclude that the discharge package was delivered on the afternoon of 15 December 1993 for administrative convenience and for the personal convenience of the appellee. We add that such a practice discourages midnight travel and is obviously beneficial to most servicemembers awaiting separation.

*Holding*

■ Accordingly, we hold that, when a discharge certificate is accompanied by separation orders that contain plain notice that release from active duty is not effective until a specified time of day and, in addition, the discharge certificate and separation orders are delivered to a servicemember before the effective time of separation stated in the orders only as a matter of administrative convenience and benefit to the servicemember, the member remains subject to court-martial jurisdiction until the effective time of the orders, absent compelling evidence that the authorized officials intended to sever the active duty status at the time of delivery. *Accord Brunton*, 24 M.J. at 569.

Therefore, the Government appeal is granted. The record is returned to the military judge.

Chief Judge LARSON and Senior Judge WELCH concur.