# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 38880**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Alexander J. ROWE**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 8 February 2017

————————————

*Military Judge:* Marvin W. Tubbs, II.

*Approved sentence:* Dishonorable discharge and confinement for 20 years. Sentence adjudged 27 April 2015 by GCM convened at Mountain Home Air Force Base, Idaho.

*For Appellant:* Major Michael A. Schrama, USAF.

*For Appellee:* Major Rebecca A. Magnone, USAF; Major Mary Ellen Payne, USAF; and Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges*

Senior Judge J. BROWN delivered the opinion of the Court, in which Chief Judge DREW and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

J. BROWN, Senior Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, consistent with his pleas, of attempted abusive sexual contact, attempted forcible sodomy, abusive sexual contact, and forcible sodomy—in violation of Articles 80, 120, and 125, UCMJ, 10 U.S.C. §§ 880, 920, 925. The

adjudged and approved sentence was a dishonorable discharge and confinement for 20 years.

Appellant raises two assignments of error: (1) whether the military judge abused his discretion by permitting the victim to provide an unsworn statement during the presentencing proceedings, and (2) whether the court-martial had personal jurisdiction over Appellant.[1] Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

Appellant entered a six-year enlistment on active duty on 4 December 2007. On 16 August 2013, a prior general court-martial sentenced Appellant to two years of confinement. Based on his monthly earned time abatement, Appellant's scheduled release date from confinement was 1 March 2015. While Appellant was still in confinement the charges in this case were preferred and referred to a general court-martial. On 1 March 2015, the Government placed Appellant into pre-trial confinement.

In the presentencing portion of Appellant's second court-martial, one of the four victims of Appellant's crimes provided an unsworn statement through his attorney. The Defense objected to the form and substance of this evidence. The Defense argued that the victim was required to be sworn, the evidence was cumulative, and a portion of the unsworn statement exceeded the bounds of appropriate sentencing evidence because it provided facts about the offenses that went beyond Appellant's in-court admissions. The military judge heard argument from the trial defense counsel, trial counsel, and special victims' counsel. The military judge determined that Article 6b, 10 U.S.C. § 806b, permits a victim to provide an unsworn statement. The military judge reasoned that in 10 U.S.C. § 806b:

> Congress recognized the right to be reasonably heard at a sentencing hearing related to the offense on the part of the victim of any offense under this Chapter. Congress certainly could have seen fit to say, "The right to testify" but chose to use different words. Those different words have to have meaning, so the Court will permit . . . [the victim] to present information in this format through his special victim's counsel, and . . . a written exhibit.

The military judge conducted a Mil. R. Evid. 403 balancing test and determined the evidence was not cumulative and related to the Appellant's convictions. Thus, the military judge permitted the victim to provide an unsworn

---

[1] The second issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

statement through his attorney and admitted a written version of the statement as an exhibit in the record of trial.

## II. DISCUSSION

### A. Jurisdiction.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant argues that the second court-martial lacked personal jurisdiction, asserting that the Government had not taken any action with a view to trial at the time his term of enlistment expired. We are unpersuaded.

We review questions of jurisdiction de novo. *United States v. Kuemmerle*, 67 M.J. 141, 143 (C.A.A.F. 2009). We determine jurisdiction by looking at the status of the accused as a member of the armed forces. *Solorio v. United States*, 483 U.S. 435, 439 (1987). Jurisdiction under the UCMJ exists for "[m]embers of a regular component of the armed forces, including those awaiting discharge after expiration of their terms of enlistment." Article 2(a)(1), UCMJ, 10 U.S.C. § 802(a)(1); *see also United States v. Harmon*, 63 M.J. 98, 101 (C.A.A.F. 2006).

Jurisdiction is extinguished when a service member is discharged from the armed forces, *United States v. Howard*, 20 M.J. 353, 354 (C.M.A. 1985), but the expiration of a period of enlistment does not automatically result in a discharge. *Smith v. Vanderbush*, 47 M.J. 56, 57–58 (C.A.A.F. 1997); *United States v. Hutchins*, 4 M.J. 190, 191 (C.M.A. 1978). As stated by our superior court over 60 years ago, "[m]ere expiration of the regular period of enlistment does not alter a serviceman's status as a person subject to the Uniform Code." *United States v. Dickenson*, 20 C.M.R. 154, 164 (C.M.A. 1955). Instead, for the expiration of a term of enlistment to result in a discharge that terminates jurisdiction there must also be delivery of a valid discharge certificate and a final accounting of pay. *Webb v. United States*, 67 M.J. 765, 771 (A.F. Ct. Crim. App. 2009); *United States v. Cruz*, ACM 38296 (rem) unpub. op. at 4 (A.F. Ct. Crim. App. 10 Dec. 2015); *see also Howard*, 20 M.J. at 354 ("Discharge is effective upon delivery of the discharge certificate."); 10 U.S.C. § 1168(a) ("A member of an armed force may not be discharged or released from active duty until his discharge certificate . . . and his final pay or a substantial part of that pay, are ready for delivery . . . ."); Rule for Courts-Martial (R.C.M.) 202, Discussion ("Completion of an enlistment or term of service does not by itself terminate court-martial jurisdiction. . . . [C]ourt-martial jurisdiction normally continues past the time of scheduled separation until a discharge certificate or its equivalent is delivered or until the Government fails to act within a reasonable time after the person objects to continued retention."); Air Force Instruction (AFI) 36-3208, *Administrative Separation of Airmen*, ¶ 2.1.1 (9 July 2004) ("[S]eparation [of Airmen on date of ETS] is not automatic. They are members of the Air Force until they are separated by administrative action.").

It is notable that Appellant does not contend that the Government prepared or delivered a discharge certificate or that a final accounting of pay occurred. Nor is there any evidence in the record of trial that Appellant requested a discharge when his term of enlistment expired. Instead, he merely asserts that the Government had not taken sufficient action with a view to trial at the time his term of enlistment expired.

Appellant's reliance on the mere expiration of his term of enlistment is misplaced. To have a valid discharge that would remove jurisdiction, Appellant needed to receive a discharge certificate and final accounting of pay. As neither of these necessary steps occurred, there was no discharge and, therefore, no impact on jurisdiction. The Government preferred charges while Appellant was subject to the jurisdiction of the UCMJ, and jurisdiction continued throughout the pendency of the second court-martial. R.C.M. 202(c) ("Once court-martial jurisdiction over a person attaches, such jurisdiction shall continue for all purposes of trial, sentence, and punishment, notwithstanding the expiration of that person's term of service . . . ."). Therefore, we reject this assignment of error.

**B. Victim's Unsworn Statement.**

Appellant also alleges that he suffered material prejudice when one of the victims of his crimes provided an unsworn statement to the military judge during the presentencing proceedings. Appellant's assignment of error on appeal only relates to the manner in which the evidence was presented, via an unsworn statement read by the victim's attorney, rather than the substance of the evidence submitted.[2] We conclude that the military judge did not abuse his discretion in permitting sentencing evidence in this manner under the facts of this case. *See United States v. Wareham*, ACM 38820 (20 Oct. 2016) (unpub. op.) (holding that the military judge did not abuse her discretion when permitting a victim to submit an unsworn statement in sentencing).

We review a military judge's admission or exclusion of sentencing evidence for an abuse of discretion. *United States v. Stephens*, 67 MJ 233, 235 (C.A.A.F. 2009) (citing *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000)). When a military judge conducts a balancing test under Mil. R. Evid. 403 on the rec-

---

[2] At the trial level, the Defense also objected to the substance of the unsworn statement by asserting that it was cumulative and exceeded the bounds of appropriate sentencing evidence. Though Appellant abandons that portion of the argument on appeal, we also considered it and concluded that under the facts of this case Appellant is not entitled to any relief based upon this theory.

ord, their ruling will not be overturned absent a clear abuse of discretion; however, the ruling of a military judge who fails to do so receives less deference. *United States v. Hursey*, 55 M.J. 34, 36 (C.A.A.F. 2001); *Manns*, 54 M.J. at 166.

The National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, 127 Stat. 672, 952 (2013), incorporated the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, into Article 6b, UCMJ. *Wareham*, unpub. op. at 6 n.2. The CVRA gives crime victims "[t]he right to be reasonably heard at any public proceeding . . . involving . . . sentencing." 18 U.S.C. § 3771(a)(4). Article 6b states that a victim has "[t]he right to be reasonably heard . . . at [a] sentencing hearing related to the offense." 10 U.S.C. § 806b(a)(4)(B). Although Article 6b does not describe the manner in which a victim may exercise the right to be reasonably heard, federal courts have consistently found that the CVRA's right to be reasonably heard at sentencing includes the right to provide an unsworn statement during presentencing proceedings. *See United States v. Grigg*, 434 Fed. Appx. 530, 533 (6th Cir. 2011); *United States v. Myers*, 402 F. Appx. 844, 845 (4th Cir. 2010); *Kenna v. United States Dist. Court*, 435 F.3d 1011, 1014–16 (9th Cir. 2006); *United States v. Degenhardt*, 405 F. Supp. 2d 1341, 1351 (D. Utah 2005). Given that the language in Article 6b is nearly identical to that of the CVRA, the military judge did not abuse his discretion in reaching the same conclusion as the federal courts interpreting the CVRA—a judge may permit an unsworn statement during presentencing as a mechanism to be reasonably heard.

We agree with the military judge that the use of the words "right to be reasonably heard" provides the military judge with additional flexibility to permit sentencing evidence beyond permitting a victim the right to testify under oath. Prior to the enactment of Article 6b, victims were permitted to testify in sentencing. *See* R.C.M. 1001(b)(4); *United States v. Terlep*, 57 M.J. 344, 346–47 (C.A.A.F. 2002); *United States v. Fontenot*, 29 M.J. 244, 252 (C.M.A. 1989). The inclusion of the right to be reasonably heard in Article 6b thus meant something different. Indeed, in the context of other rights afforded to victims, our superior court determined that the right to be heard means more than just the right to testify. *LRM v. Kastenberg*, 72 M.J. 364, 370 (C.A.A.F. 2013) ("[E]very time that the [Mil. R. Evid.] and the R.C.M. use the term 'to be heard,' it refers to occasions when the parties can provide argument through counsel to the military judge on a legal issue, rather than an occasion when a witness testifies.")[3] We find that the military judge correctly determined that the right

---

[3] The newly promulgated Rule for Courts-Martial 1001A, unambiguously states that a victim has the right to provide an unsworn statement during presentencing proceedings. Though prior to this new rule a victim may not have had an explicit right to

to be reasonably heard was different than the right to testify. Furthermore, he did not abuse his discretion in determining that an unsworn statement was part of the right to be reasonably heard.

### III. CONCLUSION

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

---

provide an unsworn statement, a victim did have a right to be reasonably heard. In this case, the military judge determined that an unsworn statement was an appropriate mechanism for exercising this right, and a military judge retains discretion in determining the mode of presentation of evidence. Military Rule of Evidence 611.